[No. 3,924.]

## JEANETTE ESLINGER v. GEO. M. ESLINGER.

COMMUNITY PROPERTY.—Where a woman, living upon public land of the United States, married, and the husband thereafter filed a declaratory statement upon it in his own name, and made the required proof, and was allowed to enter and purchase the land in his own name; and, subsequently, the husband and wife by their joint deed sold the land, and, with the proceeds, the husband purchased other land: *held*, that the land so purchased was community property.

DISCRETION OF COURT IN DIVIDING COMMUNITY PROPERTY.—Where a divorce is granted on the ground of extreme cruelty, the guilty party is entitled to receive only so much of the community property as the Court may deem just under the facts of the case; and the discretion of the Court in dividing the property is subject to revision on appeal.

DIVISION OF PROPERTY IN CASE OF DIVORCE.—The inference to be derived from sections 146 and 147 of the Civil Code is, that if a divorce is granted on the ground of adultery or extreme cruelty, the injured party is entitled to more than one half of the common property.

APPEAL from the District Court of the Tenth Judicial District, Sutter County.

The plaintiff brought this action to obtain a divorce from from her husband, and asked to be restored to the possession of certain lands which she claimed as her separate property. At the trial it was stipulated that the plaintiff and defendant intermarried in November, 1865; that at that time the plaintiff "owned" and "lived upon a possessory claim" of 160 acres of land, valued at $300; that after the marriage, the plaintiff and defendant lived together upon the land until 1869; that in the meantime the defendant filed a declaration of pre-emption upon it in his own name, was allowed to enter and purchase it, and, in September, 1869, the plaintiff and defendant by their joint deed sold the land for $1,600, paid the Government with $200 of the money, and, on the same day, with the remaining $1,400, the defendant purchased, in his own name, the eighty-eight acres of land in controversy. The Court found that the eighty-eight acres last mentioned were acquired during coverture, and was community property. A decree was entered divorcing the parties, and directing the land to be equally divided between them. The plaintiff appealed.

The other facts are stated in the opinion.

*H. L. Pierson* and *S. C. Denson,* for Appellant, argued that the husband acted as the trustee for the wife in perfecting title to the 160-acre tract, that the property became her separate property, and the 88-acre tract, having been purchased with the proceeds of the sale of the other tract, was also the separate property of the wife; citing *George* v. *Brown,* 15 Cal. 322; *Lewis* v. *Johns,* 24 Cal. 98; *Ramsdell* v. *Fuller,* 28 Cal. 37; *Lewis* v. *Lewis,* 18 Cal. 654; *Ewald* v. *Corbett,* 32 Cal. 493; and they contended that if the property should be regarded as community property, the peculiar circumstances of the case required a larger portion to be awarded the wife, in accordance with the Civil Code, Sections 146, 147, and 148.

*R. E. Whiteside, J. O. Goodwin* and *W. C. Belcher,* for Respondent, argued that the plaintiff did not possess the qualifications of a pre-emptor, and that the Government did not recognize the relation of trustee and *cestui que* trust in the disposition of the public lands, and that the pre-emption purchaser must possess the qualifications required by the law, and must not only make the entry and purchase in his own name, but must take an oath that he does so for his own exclusive use and benefit, and that the property, therefore, could not be the separate property of the plaintiff.

By the COURT:

On the facts disclosed by the record, we are of opinion that the tract of land containing eighty-eight acres is community property, and was properly so treated by the Court below. But the divorce was granted on the ground of extreme cruelty, alleged in the complaint to have been perpetrated by the husband on the wife. The acts of cruelty specified were frequent beatings; and it is alleged that on one occasion he "kicked, choked and bit her, and stripped and flogged her on her naked person with a switch or rod four feet long, whereby she was bruised all over her body,

and the blood made to flow freely from the wounds thus made." On this point the Court finds "that the allegations of extreme cruelty are true." The evidence is not before us, but enough appears from the findings to show that the cruelty was of an aggravated character. Section 147 of the Civil Code provides that when a divorce is granted on this ground, the party in fault shall be entitled only to such por- tion of the community property as the Court in its discre- tion may deem just under the facts of the case. The next section provides that the order of distribution of the com- munity property "is subject to revision on appeal in all respects, including the exercise of discretion by the Court below." In this case the Court below awarded to the plaintiff one half of the community property remaining after the payment of the community debts. But we are of opinion that, under all the circumstances, she ought to have been awarded a larger share. Section 146 of the Civil Code requires that the community property shall be equally divided between the parties; but the next section makes an ·exception to the general rule by providing that if the divorce be granted on the ground of adultery or extreme cruelty, the guilty party shall receive only such portion as the Court shall deem just under the facts of the case. The inference is that in the excepted cases the injured party is to receive, as a general rule, more than one half of the property, and as much more as the Court shall deem just. Under the circumstances of this case, we think the Court ought to have awarded to the wife three fourths of the community property after the payment of the community debts.

Judgment reserved and cause remanded with an order to the Court below to modify its judgment in accordance with this opinion.