| 60 | 579 |
| 97 | 192 |
| 60 | 579 |
| 112 | 278 |
| 60 | 579 |
| 134 | 379 |
| 134 | 380 |

[No. 8,321.—Department One.]
June 13, 1882.

## MARTHA BROWN *v.* JOHN A. BROWN.

DIVORCE—DIVISION OF COMMUNITY PROPERTY—POWER OF SUPREME COURT—APPEAL.—In an action for divorce upon the grounds of extreme cruelty and adultery, the Court found for the plaintiff on the former, and against her on the latter issue; and rendered judgment granting the divorce and dividing the community property equally between the parties. Upon appeal the plaintiff claimed that she was entitled to a divorce upon both grounds, and also that she was entitled to a larger share of the community property.

*Held* : It is unnecessary to examine the record with reference to the charge of adultery, as it is competent for the Court to give the plaintiff all the relief under a finding of extreme cruelty that it could give under findings against the defendant upon both charges. The Court erred in not awarding to the plaintiff a larger share of the community property. Case accordingly remanded with instructions to the Court below to modify its decree so as to award to the plaintiff three fourths of the community property.

ID.—ID.—ID.—ID.—Under § 148 C. C. this Court has the power to modify the judgment of the Court below in an action for divorce with respect to the distribution of the community property.

APPEAL by the plaintiff from a judgment for the plaintiff, and from an order denying a new trial, in the Superior Court of Los Angeles County. SEPULVEDA, J.

*Bicknell & White,* for Appellant.

The Court erred in dividing the property. Treating the entire estate as belonging to the community, and granting, for the time being, that the Court has found upon all the material issues, still plaintiff claims that she has been grossly wronged by the decree as entered.

We attract attention to the whole of Section 146, Civil Code, and also to Section 148 of the same Code. This latter pro-

vision was evidently intended to vest in the appellate tribunal more than ordinary authority in such cases.

We believe we have proven a clear case of adultery. The Court below found that we had made out a cause of action on the extreme cruelty charged. Look at our complaint, and then at the evidence, and deny, who can, that we have established all our allegations on this branch?

*Thom & Stephens,* for Respondent.

We take it there is nothing in the suggestion (under the circumstances of this case) that this Court has the "power to modify the decree to such an extent as to award to plaintiff the first parcel of land described in the complaint, and the personalty thereto pertaining," under Section 146, Civil Code.

The COURT:

Plaintiff brought this suit against the defendant for a divorce, on the grounds of adultery and extreme cruelty. The Court found against the defendant on the question of extreme cruelty, and for him on the other charge, and made an equal distribution of the community property between the parties. The plaintiff appeals, and claims that she was entitled, under the evidence in the case, to a divorce on both grounds, and she also claims that she was entitled to a larger share of the community property than was awarded her by the Court.

It is unnecessary for us to examine the record with reference to the charge of adultery, as it is competent for the Court to give the plaintiff all the relief under a finding of extreme cruelty that it could give her under findings against the defendant upon both charges. We think the Court erred in not awarding to the plaintiff a larger share of the community property, and Section 148 of the Civil Code provides that "the disposition of the community property and of the homestead, as above provided, is subject to revision on appeal in all particulars."

The judgment of the Court below in granting the plaintiff a divorce is affirmed, and the case is remanded, with instructions to the Court below to modify and amend its decree so as to award to the plaintiff three fourths of the community property.