[Department Two. — January 25, 1883.]

## GABRIEL BOVO, Appellant, v. TERESA BOVO, Respondent.

HUSBAND AND WIFE — DIVORCE — COMMUNITY PROPERTY. — When a divorce is granted on the ground of adultery or extreme cruelty the division of the community property between the parties will not be disturbed on appeal, unless the discretion of the court in that respect appears to have been abused.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

*P. B. Nagle,* and *A. H. Loughborough,* for Appellant.

*R. N. Swain, A. Craig,* and *L. F. Dunand,* for Respondent.

PER CURIAM. — Plaintiff brought his suit for a divorce, charging the defendant with adultery, and defendant, after denying the charge in her answer, filed a cross-complaint praying a divorce from the plaintiff on the ground of extreme cruelty. The court granted a divorce, but upon what ground does not appear in the transcript. Plaintiff appealed, and asks for a modification of the decree.

The point is made that the court awarded the defendant too large a proportion (nearly one half) of the community property. Section 146 of the Civil Code provides that "if the decree be rendered on the ground of adultery or extreme cruelty the community property shall be assigned to the respective parties in such proportions as the court, from the facts of the case and the condition of the parties may deem just."

In view of all the facts of the case, as established by the evidence, we cannot say that the court awarded too large a portion of the community property to the defendant, and therefore we are not prepared to reverse the judgment for abuse of discretion. The circumstances found in the case of *Brown* v. *Brown*, 60 Cal. 579, were very different from those appearing in the transcript in the present case, and therefore that case is not authority in this. There is no error in the proceedings demanding a reversal.

Judgment and order affirmed.

Hearing in Bank denied.