[No. 14278.    Department One. — January 14, 1893.]

## KATARYNA STROZYNSKI, APPELLANT, *v.* BOLISLAUS STROZYNSKI, RESPONDENT.

APPEAL — REVIEW OF DISCRETION — DIVORCE — JUDGMENT DIVIDING COMMUNITY PROPERTY — ERROR NOT AMOUNTING TO ABUSE OF DISCRETION. — Although, ordinarily, the exercise of the discretionary power of the trial court will not be revised by the appellate court except upon the ground that such power has been abused, yet upon an appeal from a judgment dividing community property, in an action for a divorce upon the ground of adultery or extreme cruelty, section 148 of the Civil Code provides a different rule, and subjects the exercise of the discretion of the trial court in dividing the community property to revision upon appeal for any apparent degree of error, though not amounting to an abuse of discretion.

ID. — EXTREME CRUELTY — AWARD OF COMMUNITY PROPERTY TO WIFE. — In an action by a wife against her husband for a divorce upon the ground of extreme cruelty, a judgment granting a divorce to the wife, and dividing the community property equally between the spouses, should be modified upon appeal by awarding all the community property to the wife, where it appears that the husband is earning from forty to sixty dollars a month, while the wife and a minor daughter awarded to her are left to earn their own support, and the entire community property consists of a house and lot, worth but about two thousand dollars, together with the household and kitchen furniture.

ID. — PRESUMPTION UPON APPEAL — SEPARATE PROPERTY — FINDINGS. — Where the record is silent as to separate property, it cannot be presumed upon appeal that either party has any separate property, and it must be presumed that the court found all the material facts not admitted by the pleadings.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*A. Morgenthal,* for Appellant.

*W. H. Barrows,* and *William C. Flint,* for Respondent.

VANCLIEF, C. — Action for a divorce on the ground of extreme cruelty. A divorce was granted on that ground, and one half of the community property (undivided) was awarded to the plaintiff, and the other half to the defendant. The plaintiff brings this appeal from that part of the decree awarding one half of the property to the defendant.

The appeal comes here upon the judgment roll, from which it appears that the parties were married in Germany, February, 1873, and have one child, a daughter, aged fifteen years at the time the action was commenced (September, 1889), the custody and care of whom was given to the plaintiff; that the community property consisted of a lot 57 x 105 feet at corner of Twenty-first and Sanchez streets, San Francisco, and a dwelling-house thereon, the value of the lot and house being about two thousand dollars, and the household and kitchen furniture in the dwelling-house, the value of which does not appear; that the defendant is a shoemaker, whose average earnings are alleged in the complaint to be sixty dollars per month, but denied in the answer to exceed forty dollars per month, and no finding upon this issue. The finding as to the alleged extreme cruelty is in the following language: "The defendant has treated her with extreme cruelty, has been guilty of extreme cruelty to her, has beaten her and called her vile names within the year past." The defendant was adjudged to pay plaintiff's costs, taxed at $66.90, and $50 for her attorney's fees, both to be paid "to Benjamin Healy, plaintiff's counsel herein, *at his office,*" for whom the present attorney for appellant was afterwards substituted.

It must be presumed that the foregoing statement comprises all the facts upon which the judgment of the trial court was based, and upon these facts the question to be decided is not merely whether that court abused its discretionary power in dividing the community property, but also whether it erred in the exercise of such power. Ordinarily, the exercise of the discretionary power of the trial court will not be revised by the appellate court except on the ground that such power has been abused; but on appeals from judgments dividing community property in cases of divorce on the ground of adultery or extreme cruelty, the Civil Code has provided a different rule. Section 146 of that code provides: " 1. If the decree be rendered on the ground of adultery or extreme cruelty, the community property shall be assigned to the respective parties in such proportions as the court, from all the facts of the case and the condition of the parties, may deem just. 2. If the decree be rendered on any other ground than that of adultery or extreme cruelty, the community property shall be equally divided between the parties."

Section 148 provides that "the disposition of the community property, . . . . as above provided, is subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court."

By this section the legislature must have intended to subject the exercise of the discretion of the trial court, in dividing the community property, to revision on appeal for any apparent degree of error, though not amounting to an abuse of discretion; otherwise the section effected no change in nor added anything to the theretofore well-settled rule that the appellate court will not undertake to revise the exercise of discretionary power, except it appear that such power has been abused. And this construction of the section has been practically, if not expressly, adopted by this court.

The case of *Eslinger* v. *Eslinger*, 47 Cal. 62, was very similar to this case. In that case a divorce was granted

the wife on the ground of extreme cruelty, by beating her. The trial court divided the community property equally between them. Upon appeal by the wife, this court awarded her three fourths of the property, and directed the trial court to modify the judgment to that effect. The appeal seems to have been taken on the judgment roll, as it appears that the evidence was not before the appellate court. The court cited section 148 of the Civil Code, and apparently rested its authority to revise the judgment upon it.

In *Brown* v. *Brown*, 60 Cal. 579, a divorce was granted the wife on the ground of extreme cruelty. The trial court awarded her one half of the community property. On appeal, this court modified the judgment in this respect by awarding her three fourths. Here, again, this court expressly based its power to *revise* the judgment upon section 148 of the Civil Code.

An act of 1857 relating to husband and wife provided that when a " decree of divorce is rendered on the ground of adultery or extreme cruelty, the party found guilty thereof shall only be entitled to such portion of the common property as the court granting the decree may, *in its discretion,* from the facts of the case, deem just and allow, and such allowance shall be subject to revision on appeal in all respects, *including the exercise of discretion* by the court below." (Stats. 1857, p. 199.)

Under this statute the case of *Eidenmuller* v. *Eidenmuller*, 37 Cal. 364, was decided. The plaintiff (wife) was granted a divorce on the ground of extreme cruelty, though it was said the conduct of the plaintiff was not free from fault. The custody of the three younger children was given to the wife, and the two elder to the husband. The defendant, being a physician, had an income of about eighteen hundred dollars per annum. The common property consisted of a house, lot, and household furniture worth about $4,500, and a horse and buggy worth $450. The lower court awarded to the plaintiff all the property, except the horse and buggy, which was given to defendant, and ordered the

defendant to pay her counsel fees, and seventy-five dollars per month for support. On appeal by defendant, the appellate court said: "We cannot say that there was any abuse or even improper exercise of discretion in the disposition of the common property"; thus distinguishing an *abuse* from an *improper exercise* of discretion. But as to the alimony, the court said: "We are of the opinion that the monthly allowance of seventy-five dollars was too great a portion of his earnings," and reduced it to fifty dollars per month, apparently on the ground that the allowance, on the facts appearing, was an improper exercise of discretion, — a mere error of judgment as to a conclusion of fact, — and not an abuse of discretion. The result was, that the plaintiff was awarded ten elevenths of the common property, and one third of defendant's income, on a state of facts very similar to the facts in the case at bar, in which, I think, the trial court should have awarded to the plaintiff all the community property, namely, the lot and dwelling-house, and the household furniture. The house and lot constitute but an humble home for the plaintiff and her minor daughter, and it cannot be presumed that the household furniture was more than was necessary for their use. Allowing them all these, they are still left, so far as appears, to earn their support; and as before stated, the case must be decided on the facts appearing from the judgment roll; and it cannot be presumed that either party had separate property. Indeed, it must be presumed that the court found all the material facts not admitted by the pleadings.

The case of *Bovo* v. *Bovo*, 63 Cal. 77, is not in point for the respondent. The reporter's head-note is misleading.

I think the cause should be reversed, with directions to the lower court to modify that part of the judgment relating to the division of the community property, by awarding to the plaintiff all the community property, real and personal, described in plaintiff's complaint.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the cause is remanded, with instructions to the court below to modify that part of the judgment relating to the division of the community property by awarding to the plaintiff all the community property, real and personal, described in the plaintiff's complaint, and as so modified the judgment will stand affirmed.

PATERSON, J., GAROUTTE, J., HARRISON, J.