[No. 19397.   Department Two.—August 3, 1895.]

# LAURA DICKERSON, RESPONDENT, *v.* WARREN C. DICKERSON, APPELLANT.

APPEAL—RULING UPON EVIDENCE NOT EXCEPTED TO.—A ruling of the court sustaining an objection put by appellant to a witness cannot be considered upon appeal, where no exception was taken to the alleged erroneous ruling.

DIVORCE—APPLICATION AFTER DECREE FOR CHANGE OF CUSTODY OF CHILDREN—DISCRETION.—Where the custody of the children was awarded to the mother in a decree of divorce, a subsequent application by the father for the custody of one of the children is addressed to the sound legal discretion of the court, and its conclusion will not be disturbed upon appeal, unless it clearly appears that its discretion has been abused.

APPEAL from an order of the Superior Court of San Diego County refusing to change the custody of a child.   E. S. TORRANCE, Judge.

The facts are stated in the opinion.

*J. Marion Brooks*, for Appellant.

The father is presumed to be a fit person for the custody and control of a child unless the contrary is clearly proven.   (*Graham* v. *Bennet*, 2 Cal. 506, 507; 1 Blackstone's Commentaries (Wendell's), 453; *People* v. ——, 19 Wend. 16; 2 Kent's Commentaries, 5th ed., 193, and cases cited.)

*Sweet, Sloane & Kirby*, for Respondent.

A ruling on evidence not excepted to cannot be considered.   (*Keeran* v. *Griffith*, 34 Cal. 580; *Turner* v. *Tuolumne Water Co.*, 25 Cal. 397, 405; *Russell* v. *Dennison*, 45 Cal. 337.)   The children were properly awarded to the mother.   (*Lusk* v. *Lusk*, 28 Mo. 91, 94; *English* v. *English*, 32 N. J. Eq. 738.)   Appellant, by asking for only one of the children, admits that the mother is a proper person to have the care and custody of all of them.   (*Luthe* v. *Luthe*, 12 Col. 421.)   The custody of the minor children was properly within the control and

subject to the discretion of the court. (*Luck* v. *Luck*, 92 Cal. 653; *Ex parte Gordan*, 95 Cal. 377; *Wilson* v. *Wilson*, 45 Cal. 399; *People* v. *Allen*, 105 N. Y. 628; *Stetson* v. *Stetson*, 80 Me. 483; *Powell* v. *Powell*, 53 Ind. 513, 517; *Welch* v. *Welch*, 33 Wis. 542, 543; *Oliver* v. *Oliver*, 151 Mass. 349.)

HAYNES, C.—In the above-entitled action a divorce was granted the plaintiff on October 28, 1891, and by the decree she was awarded the custody of all the children of said parties, three in number.

On May 9, 1893, said defendant, Warren C. Dickerson, filed in said cause his petition praying that the custody of Artemus, the oldest of said children, then eight years of age, be taken from his mother and awarded to the petitioner, upon the ground of the poverty and consequent inability of the mother to properly care for and educate him, and further charging that the plaintiff then was, and for a long time past had been, living with one Charles H. Davis as his mistress, and alleged his own financial ability to properly care for and educate said boy.

The answer denied all the material matters charged against her in the petition, alleged her marriage to Davis, and the unfitness of petitioner to have the custody of the child.

The matter was heard May 13, 1893, and appellant's petition was denied. A bill of exceptions was afterward settled and filed, in which the first assignment of error is to a ruling of the court sustaining an objection made by respondent to a question put by appellant to a witness. No exception was taken to the alleged erroneous ruling, and it will therefore not be considered here. (*Keeran* v. *Griffith*, 34 Cal. 580; *Russell* v. *Dennison*, 45 Cal. 337; *Lucas* v. *Richardson*, 68 Cal. 618.)

The remaining specifications go to the sufficiency of the evidence to justify the dismissal of appellant's petition.

It is not necessary to review the evidence contained

in the bill of exceptions. Applications of this character are addressed to the sound legal discretion of the court below, and its conclusion will not be disturbed unless it clearly appears that such discretion has been abused. So far from finding in the record such abuse of discretion, we think the conclusion reached was right. The serious charges made against the respondent were not sustained. Indeed, if appellant believed them, the fact that he did not petition for the custody of all the children is incomprehensible. So, too, if the mother, because of her alleged poverty, was unable to properly maintain the child in question, we should have expected the father, who alleges his financial ability to provide for him, to have manifested his regard for his child by contributing something for his comfort and welfare, especially as he did not oppose that provision in the decree of divorce which gave respondent the custody of all the children, and in which he silently acquiesced for nearly two years. These things do not very strongly commend appellant's fitness for the important trust he seeks, nor indicate that the learned judge who heard the petition erred as to these matters of fact.

The order appealed from should be affirmed.

SEARLS, C. and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.