[Civ. No. 469.  Third Appellate District.—November 14, 1908.]

RUTH C. RISDON, Appellant, v. GEORGE W. STEYNER, Defendant, and W. I. TERRY, Intervener, Respondent.

STATE SCHOOL LANDS—CONTEST—ACTION BY SECOND APPLICANT—INTERVENTION BY SUCCESSOR OF PRIOR APPLICANT—ISSUE AS TO FRAUD—DEFAULT OF PRIOR APPLICANT.—In a contest for state school lands, when a second applicant sues a prior applicant, alleging fraud in the prior application, and it appears that the prior applicant had paid for the land and acquired a certificate of purchase, and that all rights thereunder had passed by mesne conveyance to one who intervened by leave of the court, and took issue upon the alleged fraud, and set up his rights as successor in interest of the prior applicant, the entry of the default of the prior applicant cannot prejudice nor affect the rights of such successor, nor be deemed as an admission on the part of the latter of any fact alleged in the complaint.

ID.—BURDEN OF PROOF AS TO FRAUD—PRESUMPTION—ADMITTED POS-
SESSION—RIGHT OF SUCCESSOR OF PRIOR APPLICANT TO JUDGMENT.
A prior application regular in form is *prima facie* prior in right to
a second application; and when a second applicant, who claims no
possession, assails such prior application for fraud in its pro-
curement, and issue is joined thereupon by a successor in interest
of the prior applicant, whose presumed rights are reinforced by the
admitted possession of the land involved by himself and his
predecessors for more than ten years, the burden of proof is upon
the second applicant to overcome the presumption in favor of the
rights existing under the prior application, and to establish the
fraud alleged; otherwise such successor in interest was entitled to
judgment.

ID.—ERRONEOUS FINDING WITHOUT PREJUDICE.—An erroneous finding is
without prejudice, when, without it, the judgment has ample sup-
port in the remaining findings.

ID.—MOTION TO DISMISS APPEAL—TIME OF PRESENTING STATEMENT—
CONFLICTING EVIDENCE.—A motion to dismiss the appeal for failure
to present the statement in time must be denied where the evidence
is conflicting on that question. The conflict must be resolved in
favor of the appellant, and of the action of the court below in
settling the statement.

APPEAL from a judgment of the Superior Court of Shasta
County, and from an order denying a new trial. Chas. M.
Head, Judge.

The facts are stated in the opinion of the court.

W. A. Gett, and Braynard & Kimball, for Appellant.

W. D. Tillotson, and C. H. Dunn, for Respondent.

BURNETT, J.—On March 29, 1906, the surveyor general
of California, as such and as *ex officio* register of the state
land office, made an order referring to the superior court of
Shasta county the question which had arisen in his office as
to which of the persons, the plaintiff, Ruth C. Risdon, or the
defendant, George W. Steyner, was entitled to purchase of
the state of California the southeast quarter of section seven,
the northeast quarter of section eighteen, and the north half
of section seventeen, township 34 north, range 2 east, M. D.
M. The said Ruth C. Risdon, on March 24, 1906, had filed
with the surveyor general her application to purchase said

land with a protest against the issuance of any further evidence of title to the said George W. Steyner, who had filed his application to purchase the same as state school lands on January 21, 1889. Within the sixty days from the making of said order, as prescribed by law, plaintiff instituted in the superior court of the said county of Shasta an action against the defendant to have it determined who was entitled to a patent to said land from the state. The said W. I. Terry, by permission of the court, filed an answer and complaint in intervention, setting up his claim as successor in interest by mesne conveyances to all the right, title and interest of said Steyner in and to said property.

The particular ground upon which plaintiff sought to prevail over the former application of Steyner is disclosed by this allegation of her complaint: "That each and all of the statements contained in said affidavit and application of said defendant, that he desired to purchase the land therein described for his own use and benefit, and for the use and benefit of no other person or persons whomsoever, and that he had made no contract or agreement to sell the same was, at the time when said affidavit and application was filed, as hereinbefore alleged, ever since has been and now is false and untrue, and defendant did not, at the time when said affidavit and application was filed as aforesaid, and never has desired to purchase all or any part of said land in said affidavit and application described for his own use and benefit."

The foregoing allegation is specifically denied by the intervener and separate grounds of defense are set up, which we need not consider in detail.

Among other things, the court found that "on or about the 2d day of December, 1891, said defendant paid to the said Surveyor-General for said State of California the full balance of the purchase price of said lands"; that his application was approved by said surveyor general and a certificate of purchase was issued to said defendant, which he sold and assigned, together with all his interest in said lands, to one W. K. Slack, and that the intervener has been invested by mesne conveyances with all of said interest; furthermore, "it is not true that each and all or any of the statements contained in said affidavit and application of said George W. Steyner . . . were at the time said affidavit and application were filed, or at any other time, false and untrue or false or untrue."

The judgment was in favor of said intervener, and the appeal is from this judgment and an order denying plaintiff's motion for a new trial.

The proceedings, as far as the respective applications before the surveyor general, the order of reference and the trial of the contest by the superior court are concerned, appear to have been regular.

There is no doubt that the intervener succeeded to all the interest of the said Steyner in and to the premises in controversy, and that he stands in the same relation to the cause as Steyner would stand if he had not parted with his interest. The default of Steyner was entered, but manifestly that cannot affect the claim or rights of his successor, nor be deemed an admission on the part of the latter of any fact alleged in the complaint. ·

The pleading filed by the intervener is styled a complaint in intervention, but in effect it is an answer denying plaintiff's allegations of fraud and pleading the statute of limitations and adverse possession, and praying that "said plaintiff be forever enjoined from asserting any claim to the premises adverse to the intervener, and that she be enjoined from purchasing or attempting to purchase the same from the State of California," and for general relief.

Several questions are discussed by counsel, but the only vital controversy relates to the burden of proof as to fraud. Although plaintiff alleged in her complaint that Steyner's application was filed many years prior to her own, and that the recitals of his affidavit were false, she insists that it devolved upon Steyner or his successor in interest to show affirmatively that the statements contained in said affidavit and application were not false, but true. The contention is based upon the theory that each of the parties before the court is an actor, and must prove the statements in his affidavit and application as in the first instance before the surveyor general. While the earlier decisions of the supreme court uphold appellant in his contention, the correct rule is stated in *Bieber* v. *Lambert*, 152 Cal. 557, [93 Pac. 94]. We quote from the syllabus as follows: "If the action is brought by the one who first filed a proper application, the statement of facts showing that the land was subject to sale, that he is a qualified purchaser, that he has made due application to purchase, that the defendant claims under a subsequent appli-

cation, and that the order of reference has been made, will sufficiently show his own right and the inferiority of the right of the defendant, and he need not allege other facts to show that the defendant was not entitled to purchase, or that his application is void by reason of false statements or otherwise, and in such a case, if the defendant offers no proof, the plaintiff is entitled to judgment, for his application being first in time is *prima facie* first in right''; and it is also held that ''where the action is brought by the one whose application is second in point of time, he must aver that there is a claim under an adverse application, and if he alleges that it was filed prior to his own, and it is not defective on its face, he must overcome the presumption in its favor arising from such priority, by averment and proof of some fact or facts, establishing its invalidity, otherwise judgment will go against him.''

As we have seen, the plaintiff made the averment that the application of Steyner was filed prior to her own, and the facts were alleged to show its invalidity, but there was no proof whatever offered of those facts, and, as the application of Steyner and the certificate of purchase issued to him, and all the proceedings in relation thereto appear to be regular, the presumptions, as stated in the Bieber case, *supra,* ''that the law has been obeyed, that the first applicant is innocent of the crime of perjury, and that official duty has been properly performed come to the aid of the defendant.'' It may be, as intimated by the supreme court, that the rule would be otherwise if the subsequent applicant were in possession of the property, but no such contention is made here.

On the contrary, we find in intervener's pleading the allegation: ''For a further and separate defense to said action intervener alleges that for more that ten years last past, his grantors and predecessors in interest (except the State of California) have been and this intervener now is possessed and in the possession'' of said lands. This is not denied in what is denominated the ''answer of amended complaint in intervention'' filed by plaintiff, and it was undoubtedly intended to be treated as admitted. We have, therefore, the additional element of possession in favor of respondent to fortify the presumptions to which reference has been made.

Hence, it follows that the court was justified in holding ''that the said intervener, W. I. Terry, is the owner of the

lands described in plaintiff's complaint, and the application to purchase the same and the certificate of purchase issued thereon, upon which the title of said W. I. Terry was based, were good and valid applications and certificates, and the said intervener is and for a long time prior to the application to purchase said lands made by the said plaintiff, was entitled to a patent from the State of California, for all of the said described land, upon surrendering said certificate of purchase.''

The court further found: ''That the order of said Surveyor-General . . . referring such alleged contest to the Superior Court of the County of Shasta for trial and determination, was without jurisdiction and invalid.'' This finding was based upon the fact that at the time plaintiff filed her affidavit and application more than one year had elapsed since the defendant had paid to the state the full purchase price for said land.

But conceding this conclusion to be erroneous, the error is without prejudice, for the reason that the court heard the contest and decided that the intervener was the owner of the property by reason of the validity of the prior application as already stated. The finding in relation to the contest became, therefore, and is immaterial, since without it the judgment finds ample support.

A motion has been made to dismiss the appeal on the ground that the statement was not presented in time. There is, however, a conflict in the evidence as to this, and the conflict must be resolved in favor of appellant and the action of the court below in settling said statement.

The motion to dismiss the appeal is denied. The judgment and order denying the motion for a new trial are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal, on December 12, 1908, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 13, 1909.