[Civ. No. 1169. Third Appellate District.—October 3, 1913.]

## ROSA KNAPP, Respondent, v. WILLIAM KNAPP, Appellant.

DIVORCE—CRUELTY—ACTS CONSTITUTING—SUFFICIENCY OF COMPLAINT.—
In an action for divorce on the ground of cruelty, the complaint states a cause of action if it alleges generally that the defendant wrongfully and willfully inflicted upon the plaintiff a course of grievous mental suffering and grievous bodily injury, and further specifically alleges, among other acts of violence, that the defendant, without reasonable cause or excuse, slapped the plaintiff's face and injured her person so as to leave black and blue spots thereon for several days.

ID.—DIVISION OF COMMUNITY PROPERTY—PRESUMPTION ON APPEAL.—
In such case the appellate court, in the absence of the evidence, will assume that the facts warranted the distribution of the community property made by the trial court between the parties.

ID.—DISPOSITION OF COMMON PROPERTY—DISCRETION OF TRIAL COURT.—
Where a divorce is granted on the ground of cruelty, section 146 of the Civil Code leaves the disposition of the community property, in the first instance, to the discretion of the trial court, with perhaps the qualification that, as a general rule, more than one-half of such property must be decreed to the innocent spouse.

ID.—SEPARATE PROPERTY—DISPOSITION IN DECREE.—The statute does not contemplate the disposition in the decree of the separate property, but of the community property only.

ID.—APPEAL—ERRORS OF WHICH DEFENDANT CANNOT COMPLAIN.—If the trial court failed to accord to the plaintiff what the findings of fact show she was entitled to in the way of property rights, it is of no legal concern to the defendant on appeal.

APPEAL from a judgment of the Superior Court of Alameda County.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

H. A. Luttrell, for Appellant.

George Samuels, and Samuels & Magnes, for Respondent.

BURNETT, J.—Plaintiff was granted an interlocutory degree of divorce on the ground of cruelty and she was awarded certain community property.   The appeal is from that portion of the judgment "which attempts to and does set aside and award to the plaintiff herein the real property mentioned and described in said judgment; also that portion of said judgment which attempts to and does set aside and award to said plaintiff the household furniture mentioned and described in said judgment; also that portion of said judgment which sets aside and awards to plaintiff a one-third interest of, in and to the sum of $1,000 mentioned and described in said judgment," and none of the evidence is brought up.

The points urged for reversal of the judgment are so destitute of merit as hardly to merit specific attention.   However, they will be accorded brief consideration.

1. That the complaint states a cause of action for divorce on the ground of cruelty cannot admit of doubt.   It is therein alleged: "That ever since the marriage of this plaintiff and said defendant and continuously during said period of time the defendant has wrongfully and willfully inflicted and he still does wrongfully and willfully inflict upon this plaintiff a course of grievous mental suffering and grievous bodily injury, and more particularly as follows, to wit." This is followed by the specification that, in January, 1906, "the said defendant at the residence of the parties hereto without any

reasonable cause, excuse or provocation willfully used force and violence on the person of this plaintiff''; that, in January, 1908, ''the said defendant at the residence of the parties hereto without any reasonable cause, excuse or provocation therefor used force and violence on the person of this plaintiff, slapped this plaintiff in the face and injured the plaintiff's person and body, thereby causing this plaintiff to have black and blue marks upon her person and black and blue eyes for several days thereafter; that upon said occasion the said defendant without any reasonable cause, excuse or provocation therefor, broke and smashed the furniture in the house of said parties.'' Other similar instances are pointed out and the complaint proceeds: ''That the foregoing acts and conduct on the part of the said defendant consist of but a few of the acts of cruelty and brutality inflicted upon this plaintiff by said defendant since and during the married life of said parties, and that by reason of the acts and conduct hereinabove specifically set forth and described, this plaintiff has been caused to suffer, and she has suffered and does now suffer great and grievous bodily injuries and great and grievous mental anguish, and the said plaintiff further alleges that to longer live with said defendant would, as plaintiff is informed and believes, and therefore alleges, be dangerous to the health and physical being of herself.''

If the treatment by defendant of plaintiff as therein delineated does not constitute acts of cruelty, we confess our inability to understand the meaning of the expression. It appears that these acts were wrongful and that they inflicted upon plaintiff ''grievous bodily injury'' and ''grievous mental suffering.'' A case is thus presented that meets the requirement of the code. (Civ. Code. sec. 94; *Barnes* v. *Barnes,* 95 Cal. 171, [16 L. R. A. 660, 30 Pac. 298] ; *Fleming* v. *Fleming,* 95 Cal. 430, [29 Am. St. Rep. 124, 30 Pac. 566] ; *McDonald* v. *McDonald,* 155 Cal. 665, [25 L. R. A. (N. S.) 45, 102 Pac. 927].) The objection that it does not appear that the said acts were wrongfully committed is hpyercritical. The words ''wrongfully and willfully,'' found in the first paragraph of the above quotation, are intended to modify the specific acts of violence that follow the general allegation. But aside from that, it can hardly be contended that it is lawful for a man ''without any reasonable cause or without

excuse or provocation" to slap his wife in the face so as to leave for several days thereafter black and blue marks and also to discolor her eyes and, in addition, "to break and smash the furniture in the house." The acts were sufficiently characterized to bring them under the condemnation of the law. Defendant may regret that a man is not permitted to whip his wife as in the olden days but he should know that the customs and laws of mankind have changed with the progress of time. Though it may seem strange to defendant, neither the law nor enlightened public sentiment looks with favor even upon such acts as he confesses in the following allegation of his answer: "Defendant admits that on the 24th day of May, 1911, he slapped plaintiff but not with force sufficient to cause plaintiff much suffering, nor did suffer more than little pain thereby."

2. As to the motion to strike out portions of the complaint, it may be said that it is unintelligible from the transcript. But surmising what was intended, it follows from our interpretation of the complaint that the court did not err in denying the motion. Besides, it is perfectly apparent that if the court erred, we cannot say that defendant suffered any prejudice thereby.

3. The findings follow substantially the material allegations of the complaint, including a declaration that the plaintiff was without fault and a specific statement that the allegations of defendant as to wrong conduct on the part of plaintiff are untrue; and an inspection of them is sufficient to show that they support the judgment.

4. In the absence of the evidence it is, of course, impossible for us to say that the court abused its discretion in awarding the community property. The homestead and household furniture and one thousand dollars on deposit in the Citizens' Bank of Fruitvale were found to be community property and two-thirds of the money were set aside to defendant and the residue of said property to plaintiff. We must assume that the facts warranted such distribution. It is sufficient in this connection to refer to *Eidenmuller* v. *Eidenmuller,* 37 Cal. 364; *Eslinger* v. *Eslinger,* 47 Cal. 62; *Brown* v. *Brown,* 60 Cal. 579, and *Gorman* v. *Gorman,* 134 Cal. 378, [66 Pac. 313].

In the Gorman case it is said: "Where the divorce is granted on the ground of adultery or extreme cruelty, section

146 of the Civil Code leaves the disposition of the community property, in the first instance to the discretion of the trial court, with perhaps the qualification, inferred from a reading of the entire section, that, as a general rule, more than one-half of such property must be decreed to the innocent spouse in such case.''

5. In his closing brief, appellant complains that there was no adjudication of the fact that a certain lot, ''No. 7 in Block D,'' is the separate property of plaintiff. There was no allusion to this lot in plaintiff's complaint but in the answer it was alleged to be community property. The trial court found as a fact that this lot was the separate property of plaintiff but the decree is silent as to the matter. It is sufficient to say that if any one could complain of the omision, it must be plaintiff and not defendant. If the court failed to accord to plaintiff what the findings of fact show she was entitled to it is manifestly of no legal concern to defendant on this appeal.

Besides, the statute does not contemplate the disposition in the decree of the separate property but of the community property only. (Civ. Code, sec. 146.)

There is no merit in the appeal and the judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.