[Civ. No. 1717.   Third Appellate District.—October 17, 1917.]

ZELMA . H. NAVE, Appellant, v. WILLIAM C. NAVE,
Respondent.

Divorce—Extreme Cruelty—Division of Community Property.—
Where divorce is granted for extreme cruelty, the general rule is that
more than one-half the community property should be awarded to
the innocent spouse.

Id.—Custody of Minor Children—Discretion of Trial Court.—Best
interests of children are to be considered, and action of the trial
court will not be set aside unless there has been a clear abuse of
discretion.

APPEAL from a judgment of the Superior Court of Modoc
County.   Clarence A. Raker, Judge.

The facts are stated in the opinion of the court.

J. T. Sharp, for Appellant.

Jamison & Wylie, for Respondent.

BURNETT, J.—Plaintiff was granted a divorce without
alimony from defendant on the ground of extreme cruelty.
The judgment divides the community property, consisting of
a homestead valued at about one thousand five hundred dol-
lars, but mortgaged for five hundred dollars, the house and
tools, furniture, and one cow, equally between the parties,
and awarded the custody of Samuel Oliver Nave, aged three,
to defendant, and Rose May Nave, aged one, to plaintiff.   The
plaintiff appeals from that part of the judgment refusing
alimony and awarding half of the community property and
the custody of the boy to. defendant.

The law regarding the disposition of community property
on divorce is that: "If the decree be rendered on the ground
of adultery, or extreme cruelty, the community property shall
be assigned to the respective parties in such proportions as the
court, from all the facts of the case, and the condition of the
parties, may deem just."   But "if the decree be rendered on
any other ground than that of adultery or extreme cruelty,
the community property shall be equally divided between the
parties."   (Civ. Code, sec. 146.)   And in section 148 it is

declared that the disposition is subject to revision on appeal in all particulars, "including those which are stated to be in the discretion of the court."

"Where the divorce is granted on the ground of adultery or extreme cruelty, section 146 of the Civil Code leaves the disposition of the community property, in the first instance, to the discretion of the trial court, with, perhaps, the qualification inferred from the reading of the entire section, that, as a general rule, more than one-half of such property must be decreed to the innocent spouse in such a case." (*Gorman* v. *Gorman*, 134 Cal. 378, [66 Pac. 313]; *Knapp* v. *Knapp*, 23 Cal. App. 10, [136 Pac. 719].) In the Gorman case seven-twelfths of the property was awarded to the innocent husband. In *Knapp* v. *Knapp*, where the wife was awarded considerably more than half the community, the judgment was affirmed. On the other hand, in those cases of extreme cruelty where the trial court had divided the community property equally, the upper court has modified the decree. Thus in *Eslinger* v. *Eslinger*, 47 Cal. 62, and *Brown* v. *Brown*, 60 Cal. 579, the court changed the decree of the lower court and awarded the innocent party three-fourths of the community.

It thus appears that unless there be some very good reason to the contrary, the general rule is to be followed. It does not appear in the Eslinger or Brown case that the party to whom the larger share was awarded had to provide for any children; nevertheless, the award was made. But in *Strozynski* v. *Strozynski*, 97 Cal. 189, [31 Pac. 1130], where a minor child, aged fifteen, was awarded to the innocent wife, the decree of the lower court dividing the community property, of the clear value of over two thousand dollars, equally was modified on appeal and all said property was awarded to her. We think that we have here a case even stronger in its facts than *Strozynski* v. *Strozynski*. The homestead here consists of 160 acres, but of these barely forty were cleared for cultivation. The property is heavily mortgaged. The plaintiff must care for her one year old girl as well as provide for herself. Plaintiff does not appear to enjoy vigorous health. Under these circumstances we feel constrained to award all the community property to the plaintiff.

With respect to the custody of the children, the code has not provided us with such explicit rules in regard to discretion as in the case of community property. As a result the rule in

respect to the children has been declared as follows: "It is manifest that the legislature, by the foregoing enactment (Civ. Code, sec. 138) intended to confide to the trial courts, in the disposition of the minor children of the parties to divorce actions, a very extensive discretion, with a view to the conservation of the highest and best interests of such minors, and the conclusion arrived at by such courts in such cases will not be set aside unless the record discloses a clear abuse of that discretion. (*Simmons* v. *Simmons*, 22 Cal. App. 448, [134 Pac. 791]; *Van Horn* v. *Van Horn*, 5 Cal. App. 719, [91 Pac. 260]; *Dickerson* v. *Dickerson*, 108 Cal. 351, [41 Pac. 475].) And this rule is adhered to, though at the same time it is declared that "naturally and presumptively the mother is entitled to the custody and care of minor children of tender years." (*Luck* v. *Luck*, 92 Cal. 653, [28 Pac. 787].) Of course, the predominating factor in these considerations is the welfare and interest of the child. In the present case we cannot say that the interests of Samuel Oliver Nave would be better served by changing the decree of the lower court and awarding him to his mother. Though the trial court found "that defendant had been guilty of extreme cruelty toward plaintiff, as set forth in the complaint of plaintiff filed in this action," there was considerable conflict in the evidence, there being much to show that defendant was not as bad a man as the complaint indicated. In this connection it is further to be noticed that the trial court has reserved a control over the children, the awards being made "pending the future order of the court." If the occasion should demand it, therefore, the court can speedily transfer the custody of the boy to his mother. Under these circumstances we cannot say that there has been a clear abuse of discretion by the trial court.

As to the question of alimony, the case is not without difficulty. The plaintiff having been granted a divorce on the ground of cruelty and accorded the custody of a minor child would naturally and ordinarily be entitled to some allowance for her support and that of the child. This would, of course, be affected by the consideration of the financial condition of the respective parties and their earning capacity. As to the present case, considering what is revealed by the record concerning each party, we should have no hesitation in saying that the defendant should be required to pay at least a sufficient sum to support the younger child, unless the wife has

considerable separate property. However, as to this there is no finding by the court. Plaintiff alleged in the complaint that she was in indigent circumstances, but this was denied in the answer, and it seems to have been overlooked by the trial judge. The evidence does, however, show that she had a little separate property, apparently of trifling value. As to the homestead herein set apart to her, the situation is similar to that in *Strozynski* v. *Strozynski*, wherein it is said: "The house and lot constitute but an humble home for the plaintiff and her minor daughter, and it cannot be presumed that the household furniture was more than was necessary for their use. Allowing them all these, they are still left, so far as appears, to earn their support." Under such circumstances we think a reasonable amount should be required of defendant monthly, at least to aid the plaintiff in meeting the responsibility cast upon her by the custody, care, and education of the child.

We therefore think that the portion of the judgment awarding plaintiff one-half of the community property should be reversed, with direction to the court below to award to her the whole thereof, that the portion of the judgment decreeing that she is entitled to no alimony be reversed, with direction to the court to retry the issue as to the financial condition of the parties and their earning capacity, and that the judgment in other respects be affirmed, appellant to recover her costs on appeal.

It is so ordered.

Chipman, P. J., and Hart, J., concurred.