[L. A. No. 4487.  Department One.—November 12, 1918.]

## ELIZABETH E. NEELEY, Respondent, v. ELMER E. NEELEY, Appellant.

DIVORCE—EXTREME CRUELTY—STATUTE OF LIMITATIONS.—Our statutes provide no specific limitation for an action for divorce on the ground of extreme cruelty, but merely that a divorce must be denied where there is an unreasonable lapse of time before the commencement of the action. An "unreasonable lapse of time" is defined as "such delay in commencing the action as establishes the presumption that there has been connivance, collusion, or condonation of the offense, or full acquiescence in the same, with intent to continue the marriage relation notwithstanding the commission of such offense."

ID.—CONDONATION—REVIVAL OF CAUSE OF ACTION.—Where a suit for divorce on the ground of extreme cruelty was dismissed upon an agreement that the husband would refrain from acts of unkindness, but nearly four years thereafter he repeated them, the original cause of action was thereby revived, and plaintiff was not guilty of unreasonable delay in bringing a second suit which was commenced one day after the last act of cruelty.

ID.—REVOCATION OF CONDONATION—PLEADING.—The plaintiff is not required to set up in her complaint the facts justifying her in revoking condonation, for condonation is not a part of her case, but new matter to be pleaded in the answer.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Earl Newmire, for Appellant.

Fairbanks & Macfarland, for Respondent.

SLOSS, J.—From an interlocutory decree of divorce granted to the wife, plaintiff in the action, the defendant appeals.

The complaint was based on the ground of extreme cruelty, and specified acts committed in October and November, 1911, and on April 26, 1915. The action was commenced on April 27, 1915. The answer denied the charges of cruelty and set up condonation with respect to the alleged acts in October and November, 1911. The court found that the defendant was guilty of extreme cruelty toward the plaintiff in October and November, 1911; that she brought suit for divorce in December, 1911; and that that suit was dismissed upon the agreement of the defendant that he would refrain from acts of unkindness toward his wife. It is further found that he had not thereafter treated his wife with conjugal kindness, and that on the twenty-sixth day of April, 1915, he had kicked her, as alleged in the complaint.

The defendant did not, at the trial, attempt to controvert the testimony offered to show that he had, as averred, been guilty of cruelty in 1911. He did deny that he had committed the later acts charged against him, but the plaintiff's testimony, which was not without corroboration, was sufficient to support the findings in this regard also.

The record indicates, however, that the court based its decree upon the acts committed in 1911, rather than those of 1915. As to the earlier occurrences, the appellant's only contention is that they "were too remote to be considered." There is nothing in this claim. Our statutes provide no specific limitation for an action for divorce on the ground of extreme cruelty. It is provided, merely, that 'a divorce must be denied "when there is an unreasonable lapse of time before the commencement of the action." (Civ. Code, sec. 124.) By the following section, "unreasonable lapse of time" is defined as "such a delay in commencing the action as establishes the presumption that there has been connivance, collusion, or condonation of the offense, or full acquiescence in the same, with intent to continue the marriage relation notwithstanding the commission of such offense." (Civ. Code, sec. 125.) We should hesitate to say that an unexplained delay of three and a half years must, as matter of law, be deemed unreasonable. But that is not the question here. The plaintiff's failure to proceed earlier is fully accounted for by the dismissal of the prior action, and the conduct of the parties thereafter. (Civ. Code, sec. 125.) The plaintiff condoned the offenses of 1911, but under the agreement, as well as by the terms of the law itself (Civ. Code, sec. 117), the condonation carried with it the condition subsequent that the plaintiff should be treated with conjugal kindness. This condition was broken by the defendant in 1915, and the original cause of action thereby revived. (Civ. Code, sec. 121.) Under these circumstances, there is absolutely no ground for claiming that the court below should have held the plaintiff guilty of an unreasonable delay in commencing her action.

The plaintiff was not required to set up, in her complaint, the facts justifying her in revoking the condonation. Condonation was not a part of her case. It was new matter, properly pleaded in the answer. The plaintiff was not required to anticipate it in her complaint, but had the right to meet it by any appropriate proof. (Code Civ. Proc., sec. 462; 9 R. C. L. 386.)

The judgment is affirmed.

Richards, J., *pro tem.,* and Victor E. Shaw, J., *pro tem.,* concurred.