[Civ. No. 15327. Second Dist., Div. Two. Nov. 22, 1946.]

JOSEPH V. ARNOLD, Respondent, v. MARGARET R. ARNOLD, Appellant.

Tripp, Callaway, Sampson & Dryden for Appellant.

Hahn, Ross & Goldstone for Respondent.

WILSON, J.—Plaintiff commenced this action for divorce charging his wife with extreme cruelty. She answered denying plaintiff's complaint and at the same time filed a cross-complaint alleging he had been guilty of acts constituting extreme cruelty and that within two years preceding the filing of the cross-complaint he had committed adultery with the corespondent who was named but did not answer. Plaintiff denied the allegations of cruelty and adultery and as a separate defense to the cross-complaint alleged that he and defendant separated from each other about September 1, 1944; that thereafter he made a full and complete confession of

his association and acts of adultery with the corespondent; that after his confession the parties negotiated a reconciliation whereby defendant forgave and condoned all matters which had brought about the separation, including plaintiff's acts of adultery.

Findings were made and an interlocutory decree of divorce was granted to defendant specifically reciting that she was entitled to a divorce from plaintiff on the ground of cruelty as alleged in her cross-complaint. The decree awarded the custody of the minor daughter of the parties to defendant, required plaintiff to pay to defendant as and for the support and maintenance of said minor the sum of $100 per month until the latter should reach the age of 21 years and no longer, and decreed that all community property, including property conveyed by plaintiff to defendant at the time of the reconciliation, should be sold at the highest market price and the proceeds divided equally between the parties, unless they should within ten days after entry of the decree divide the property between themselves on such basis as they saw fit.

Defendant has appealed from the whole of the interlocutory decree except those portions granting her a divorce and awarding the custody of the minor child to her. She has assigned as grounds for reversal of the decree several errors in the findings.

█ Whether or not an error complained of has produced substantial injury to an appellant is a matter for consideration by the reviewing court. (*Peters* v. *Peters*, 156 Cal. 32, 37 [103 P. 219, 23 L.R.A.N.S. 699].) A judgment should not be reversed unless, after an examination of the entire record, the court shall be of the opinion that the error resulted in a miscarriage of justice (Const., art. VI, § 4½), nor should it be reversed on account of errors that do not appear to have caused injury or prejudice to the appellant, or unless a condition has been shown to exist from which an inference of possible prejudice might be drawn. (*Totten* v. *Barlow*, 165 Cal. 378, 383 [132 P. 749] ; *Edwards* v. *Wagner*, 121 Cal. 376, 378 [53 P. 821] ; *Peters* v. *Peters, supra.*) █ It must further appear that a different result would have been probable if an error had not occurred. (*Murnane* v. *Le Mesnager*, 207 Cal. 485, 495 [279 P. 800].) █ A judgment will not be reversed on account of an erroneous finding against an appellant that is not necessary to sustain the judgment. (*Miller & Lux Inc.* v. *Secara*, 193 Cal. 755, 772 [227 P. 171] ; *Risdon* v.

*Steyner,* 9 Cal.App. 344, 349 [99 P. 377] ; *Young* v. *Young Holdings Corp., Ltd.,* 27 Cal.App.2d 129, 154 [80 P.2d 723].)

The errors which require a reversal of the judgment in this action are not such as are contemplated in the constitutional provision or in the cases above cited. The errors in the findings to which we shall refer have resulted in substantial injury to appellant in that findings that are required by the evidence, if they had been made, would have resulted as a matter of law in the assignment to her of a greater share of the community property than that awarded by the decree, and a more liberal award of support would have been warranted.

1. *The error in failing to find that the condonation had been revoked and in finding that defendant did not have cause for its revocation.* The applicable sections of the Civil Code are as follows: Section 115: ''Condonation is the conditional forgiveness of a matrimonial offense constituting a cause of divorce.'' Section 117: ''Condonation implies a condition subsequent; that the forgiving party must be treated with conjugal kindness.'' Section 121: ''Condonation is revoked and the original cause of divorce revived: 1. When the condonee commits acts constituting a like or other cause of divorce; or, 2. When the condonee is guilty of great conjugal unkindness, not amounting to a cause of divorce, but sufficiently habitual and gross to show that the conditions of condonation had not been accepted in good faith or not fulfilled.''

Respondent contends that since the decree of divorce was granted to appellant on the ground of cruelty, and since when a divorce is granted on that ground the power of the court to apportion the community property is the same as when granted on the ground of adultery, she did not suffer any substantial injury by reason of the failure of the trial court to assign the latter ground as an additional reason for the decree in her favor. The fallacy of this argument will appear in the discussion which follows.

The rule drawn from the cases hereinafter cited is that the greater the offense the larger the proportion of the community property that must be awarded to the innocent spouse;—where the acts of cruelty are of a flagrant character and have extended over a long period of time the portion of the community property awarded to the nonoffending party should be greater than if the acts were more trivial yet sufficient to warrant the granting of a divorce. It obviously fol-

lows that where the divorce is granted on the more heinous ground of adultery as well as for extreme cruelty the amount awarded to the innocent party should be greater than if granted on the ground of cruelty alone.

The acts of cruelty committed by respondent were many and had continued over a period of years. He was intoxicated on frequent occasions both at home and when he attended social gatherings with his wife; his amorous and indecent advances to other women caused embarrassment to her; he used profane language in the presence of their daughter as well as when they were alone; he confessed to his wife and freely admitted on the witness stand that he had committed adultery with the corespondent on numerous occasions over a period of approximately two years.

In September, 1944, the parties became reconciled and resumed their marital relations. There is serious doubt, as appears from the evidence, whether respondent was even at that time sincere in his expressed desire to live the life of a normal married man, or whether his plea for forgiveness and his promise to cease his unconventional activities were prompted by his desire to obtain possession of $9,300 that appellant had removed from their safe deposit box because she feared that it might fall into the hands of the corespondent. Whatever may have been the actual reason in his mind his unregeneracy is attested by the fact that almost immediately after the reconciliation and the return of the money to him he renewed his cruel treatment, abused appellant in the presence of other persons, criticized her religious faith, and was intoxicated on several occasions. In the following December, while in an intoxicated condition at a social gathering, his actions were objectionable in the extreme, humiliating appellant in the presence of their friends. At about the same time appellant found in his pocket an article that is used in sexual intercourse which justifiably caused her to assume that his adulteries had not ceased. His fatuous explanation that he had found the article in a box in the basement does not furnish a legitimate reason for his carrying it in his pocket.

■ Appellant's condonation of respondent's past offenses was upon the statutory condition that she should thereafter be "treated with conjugal kindness." By reason of the acts of respondent occurring after the reconciliation, only a brief outline of which has been given, the condonation effected in September was revoked. In the latter part of December, at

the time of the occurrences last mentioned, appellant separated from respondent and they have not since lived together. The revocation of the condonation revived the original causes of action for divorce, both extreme cruelty and adultery. (*Neeley* v. *Neeley*, 179 Cal. 232, 234 [176 P. 163]; *Andrews* v. *Andrews*, 120 Cal. 184, 188 [52 P. 298]; *Mayo* v. *Mayo*, 3 Cal.2d 51, 57 [43 P.2d 535]; *Brewthauer* v. *Brewthauer*, 45 Cal.App. 759, 763 [188 P. 296]; *Broderick* v. *Broderick*, 40 Cal.App. 550, 555 [181 P. 402]; *Bennett* v. *Bennett*, 48 Cal.App. 670, 673 [192 P. 180].)

The evidence does not sustain the finding that appellant did not have any reason or cause for the revocation of the condonation, but shows unmistakably the contrary. The court erred in finding as it did and erred in failing to find that the condonation had been revoked by reason of the failure of respondent to accord to appellant the conjugal kindness required by law, which was the consideration of the condonation, and by reason of his subsequent repudiation of his marriage vows.

The significance and importance of the failure of the court to find in accord with the evidence will become apparent in the discussion of the next error assigned by appellant, to wit, the equal division of the community property.

■ 2. *The error in dividing the community property equally between the parties.* This error follows as the result of the previous error in finding that the condonation had not been revoked. The court apparently took into consideration only the acts of cruelty committed during the short period between the reconciliation and the final separation, which were few in comparison with those preceding the condonation. Since the condonation was revoked and since the divorce should have been granted to appellant on both grounds charged in her cross-complaint, everything that had occurred both before and after the reconciliation, the long continued cruel conduct of respondent and his two years of adulterous relations with the corespondent, should have been given weight in determining the division of the community property. In view of respondent's unquestioned and admitted misconduct the court erred in making an equal division. Appellant was entitled to much more than one half.

■ The general rule is that where a divorce is granted on the ground of extreme cruelty or adultery, or both, the non-offending party should be awarded more than one half of the

community property. (*Quagelli* v. *Quagelli*, 99 Cal.App. 172, 176 [277 P. 1089]; *Nave* v. *Nave*, 35 Cal.App. 27, 28 [169 P. 253]; *Tipton* v. *Tipton*, 209 Cal. 443, 444 [288 P. 65]; *Falk* v. *Falk*, 48 Cal.App.2d 762, 770 [120 P.2d 714]; *Gorman* v. *Gorman*, 134 Cal. 378, 379 [66 P. 313]; *Thomsen* v. *Thomsen*, 31 Cal.App. 185, 188 [159 P. 1054].) In each of the cases of *Brown* v. *Brown*, 60 Cal. 579, 580, and *Eslinger* v. *Eslinger*, 47 Cal. 62, 64, it was held that the innocent party was entitled to three fourths of the community property and the decrees of the trial courts which had awarded only one half were accordingly modified. In *Nave* v. *Nave, supra,* and in *Strozynski* v. *Strozynski,* 97 Cal. 189, 193 [31 P. 1130], one half had been awarded in each case by the trial court and the decrees were so amended as to give to the nonoffending party all the community property. In *Eidenmuller* v. *Eidenmuller,* 37 Cal. 364, where the wife was granted a divorce on the ground of extreme cruelty, the court said that the conduct of the plaintiff wife was not free from fault but nevertheless affirmed a decree which awarded all the community property to her, modifying it only by reducing the amount ordered to be paid for her support and that of the child. Awards of more than one half of the community property to the innocent party were affirmed in *Gorman* v. *Gorman,* 134 Cal. 378 [66 P. 313], where the decree was on the ground of extreme cruelty and the innocent party was awarded seven twelfths; in *White* v. *White,* 86 Cal. 219 [24 P. 996], where the decree was on the ground of the adultery of the husband and all the community property was awarded to the wife; in *Shapiro* v. *Shapiro,* 127 Cal.App. 20 [14 P.2d 1058], the wife having been granted a decree on the ground of extreme cruelty, with an award of "a larger share" of the community property; and in *Knapp* v. *Knapp,* 23 Cal.App. 10 [136 P. 719], in which the wife was awarded substantially more than half.

Section 146 of the Civil Code provides that in case of the dissolution of a marriage, if the decree be rendered on the ground of adultery, incurable insanity, or extreme cruelty, the community property shall be assigned to the respective parties in such proportions as the court, from all the facts in the case and the condition of the parties, may deem just, and if rendered on any other ground it shall be equally divided between the parties. This section standing alone commits the division of the community property to the discretion of the trial court where a divorce is granted on the ground of either

cruelty or adultery, but section 148 provides that such division "is subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court." The last section provides a statutory exception to the general rule that an appellate court will not revise an order or a judgment rendered in the exercise of discretionary power unless discretion has been abused, and the cases hereinbefore cited wherein decrees were modified furnish examples of the exercise of the appellate revisory power.

Since the case must be retried we refrain from exercising our jurisdiction to modify the decree by awarding appellant the share to which she is entitled, but entrust the duty to the trial court to divide the property justly in such proportions as the evidence shall warrant, not contrary to the manner indicated in this opinion.

We have not overlooked the evidence pointed out by respondent of unladylike language used and acts committed by appellant on several occasions. The record shows that in practically every instance such acts were provoked by the reprehensible and inexcusable conduct and language of respondent.

3. *The error in failing to make a suitable award to appellant for her support.* One paragraph of the decree orders respondent to pay to appellant "as and for the support and maintenance of" their minor daughter the sum of $100 per month until she shall reach the age of 21 years. Another paragraph orders the payment of $100 per month until she shall reach the age of 21 years, at which time all payments to appellant shall cease permanently, and "that this is a part of the award to the defendant and not as alimony in any sense and the plaintiff shall have the right to compute and pay the same in a lump sum which shall be in any event in addition to the amount received by the defendant in the division of the community property."

Section 139 of the Civil Code provides that where a divorce is granted for an offense of the husband the court may compel him to provide for the maintenance of the children of the marriage and to make a suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, "having regard to the circumstances of the parties respectively." The theory of this requirement is that the husband entered upon an obligation which bound him to support his wife during the period of their joint lives, that by his own wrong he has forced her to sever the relation

which enabled her to compel the performance of this duty, and that he is required to make compensation for the offense committed by him which has deprived her of the benefit of the obligation. (*In re Spencer*, 83 Cal. 460, 464 [23 P. 395, 17 Am. St.Rep. 266] ; *Honey* v. *Honey*, 60 Cal.App. 759, 761 [214 P. 250].) A woman past middle age can seldom rehabilitate herself after a break in marriage relations and the courts may properly safeguard her financial future where the marriage is dissolved for the offense of the husband. (*Farrar* v. *Farrar*, 41 Cal.App. 452, 457 [182 P. 989].)

 . Appellant is entitled to adequate support for herself unconditioned on her daughter's age. She is 52 years old, not in robust health, has been married to respondent for 20 years, and is without property except that awarded to her by the decree. She is not able to support herself. She was a nurse before marriage but is not now able to resume such work because she has not kept herself informed of the changes and improvements in the technique of the profession, and has not the physical ability to do the lifting required when caring for patients. She has passed the age in life when she is able to prepare herself for a new profession or to engage in active business. These facts must be given proper consideration in the award of support and in determining the time during which it shall continue.

 4. *The error in failing to find that respondent's life insurance policies were community property.* Since respondent concedes in his brief that the evidence shows that the premiums on his life insurance policies were paid out of community funds and earnings and that their value should be divided between the parties, and since he offers to include the value of the policies when the actual division of the community property is made, nothing need be said other than that the court erred in failing to make an appropriate finding in accord with the evidence and to dispose of the cash surrender value of the policies by the decree.

Those portions of the interlocutory decree of divorce appealed from are reversed.

Moore, P. J., and McComb, J., concurred.