[Civ. No. 6663. First Appellate District, Division Two.—May 28, 1929.]

CATERINA QUAGELLI, Appellant, v. ENRICO QUA-GELLI, Respondent.

Kirkbride & Gordon for Appellant.

Hugh K. McKevitt and Holloway Jones for Respondent.

NOURSE, J.—Plaintiff sued for a divorce upon three grounds—cruelty, desertion and habitual intemperance. Defendant answered and filed a cross-complaint asking for a divorce upon the ground of plaintiff's cruelty. The trial court found adversely to plaintiff in regard to her allegations of cruelty and intemperance, but granted her a decree of divorce upon the ground of desertion. It also found against defendant in regard to his allegation of cruelty on the part of plaintiff. All the property standing in the names of either party was found to be community and was ordered to be equally divided between the parties. The plaintiff has appealed from the decree on a bill of exceptions.

The attack upon the decree is based on two main grounds —that the undisputed evidence demanded a finding and decree favorable to plaintiff on the grounds of cruelty and

habitual intemperance and a consequent division of the community property more favorable to the plaintiff under the express provisions of section 146 of the Civil Code; and that the undisputed evidence demanded a finding that two of the parcels of real property were the separate property of the plaintiff.

The complaint contains a lengthy specification of acts of cruelty running from the year 1913 down to the year 1925. It is alleged that in 1913 the defendant became addicted to the excessive use of intoxicating liquor which incapacitated him from transacting any business, and which caused him to assume a hostile attitude toward plaintiff and their children; that he continually abused and cursed the plaintiff and their children, calling his wife and daughters prostitutes and his sons bastards; that he hurled dishes and food at the plaintiff and threw furniture about the home; that he refused to eat his meals with the family, but would lock himself in his room, where he would remain for two and three days at a time in a state of extreme intoxication; that on these occasions he would scream late into the night, reviling the plaintiff and his children and threatening the plaintiff with bodily harm; that on two occasions it became necessary to summon police officers to subdue the defendant; and that his conduct was so boisterous and abusive that it was of common knowledge among the neighbors, all of which caused the plaintiff grievous mental suffering. It is unnecessary to recite the many other allegations of cruelty; what we have stated is more than sufficient to entitle plaintiff to a decree on that ground. All the acts mentioned were proved by direct and positive evidence and were fully corroborated by competent witnesses. No evidence was offered by the defendant to rebut a single charge made, except his bare statement that the denials in his answer were true. The finding that it was not true that defendant at any time treated plaintiff in a cruel and inhuman manner or inflicted upon her mental suffering or any suffering at all is directly contrary to all the competent evidence in the record.

In addition to this the plaintiff alleged that on the twenty-seventh day of February, 1925, she commenced an action against the defendant to obtain a decree of separate maintenance and that on the third day of September, 1925,

a decree was entered in said action in her favor. She further alleged that said decree had become final. The court made a finding in favor of the plaintiff on all of the aforesaid allegations except the last, and in that behalf it found "that said order of separate maintenance was made subject to change or modification." The record in said action was introduced in evidence and it is a part of the record in the instant case. Turning to the record in the maintenance case, it will be noted that plaintiff pleaded facts showing that her cause of action for divorce was extreme cruelty. No other cause of action was pleaded or attempted to be pleaded. Findings were waived. The trial court entered a decree in favor of the plaintiff. That decree necessarily rested on an implied finding that the plaintiff had sustained her allegations of extreme cruelty. Hence that decree was conclusive evidence in the instant case to prove the charge of extreme cruelty. (15 Cal. Jur. 136.) Unless the defendant disproved the judgment in the maintenance action the issue on extreme cruelty must necessarily have been found .for the plaintiff. He did not attempt to disprove the judgment, therefore the trial court was bound to have found the issue in accordance with the decree in the maintenance action. It is argued that that decree is not ·*res judicata* of the grounds for divorce because it is not final. The controversy arises no doubt because of misapprehension of the condition of the record. No appeal was taken from the decree in the maintenance action and the judgment therein had become a final judgment. An order had been made modifying that final judgment as to the property award and an appeal has been taken from that order. However, this subsequent modification of the decree as to property rights was based upon the prior finding of the existence of the grounds for divorce and was a reaffirmance of that finding rather than a modification of it.

If the trial court had made its findings in accord with the evidence the plaintiff would have been entitled to a judgment on the ground of extreme cruelty. (*Lewis* v. *Lewis,* 167 Cal. 732, 733 [52 L. R. A. (N. S.) 675, 141 Pac. 367]; *Harman* v. *Harman,* 198 Cal. 695, 698 [247 Pac. 194].) In the Lewis case is was said: "The court is not authorized to deny a divorce where the evidence of the plaintiff, adequately corroborated, establishes the truth of

the allegations of the complaint.'' When a case is thus made out the plaintiff is entitled to the relief which the statutes specify and such relief cannot be arbitrarily or capriciously denied one. ▆▆ The plaintiff here, having made her case of extreme cruelty, was entitled to a decree on that ground and this would, of course, entitle her to an award of more than one-half of the community property. On this question the cases are all in accord. (*Eslinger* v. *Eslinger,* 47 Cal. 62, 64; *Brown* v. *Brown,* 60 Cal. 579, 580; *Thomsen* v. *Thomsen,* 31 Cal. App. 185, 188 [159 Pac. 1054]; *Nave* v. *Nave,* 35 Cal. App. 27 [169 Pac. 253].) Some of the cases hold that under the provisions of section 146 of the Civil Code the court should award three-quarters of the community property to the nonoffending spouse, and in some cases the appellate court, acting under the express provisions of section 148 of the Civil Code, has reversed the judgment with specific directions as to how the property should be divided. But in all the cases the uniform rule has been that when the decree is on the ground of extreme cruelty the award to the unoffending spouse must be substantially greater than that to the one who is at fault. What the difference should be depends upon the circumstances of each case, and that is a matter to be determined by the trial court in the first instance ''subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court.'' (Sec. 148, Civ. Code.)

It is apparent that both parties are satisfied that a divorce should be had, but they are unable to agree upon a proper division of their property interests. They have been in court on numerous occasions in the endeavor to settle these differences and it is to be regretted that further proceedings are necessary for that purpose. However, in the determination of property rights there are certain legal principles which must be followed and if we do not follow those principles we fail in our function in the administration of the law. ▆▆ One principle which seems to be well settled, and which is applicable here, is that when real property is taken by written conveyance in the name of the wife alone it is presumed to be her separate property. Here the two parcels designated in the findings as parcels five and six were shown by the only evidence offered on the subject to be the separate property of the appellant. As

to parcel number five (lot No. 15 in block No. 2, as per map of DeBoom tract, city and county of San Francisco) the finding that this was the community property of the parties is contrary to the evidence and must be set aside.

In the suit for maintenance heretofore brought by this same plaintiff a decree was entered wherein it was adjudged that parcel No. 6 was community property. The record in that case was admitted here for the purpose of showing that this decree was beyond the issues as to this parcel because it was not included in the pleadings in that case. From that record it appears that the defendant in his answer pleaded that, in addition to the community property mentioned in the complaint, "there is other property in San Francisco . . . which is community property, that the same stands in the name of plaintiff." This would seem sufficient to raise the issue and, as the parties waived findings in that case, we must presume, in support of the judgment, that the parties tried the issue and that the decree was sustained by competent evidence.

Appellant attacks the finding that the Burlingame property designated in the findings as lot No. 8, block No. 1, in the city of Burlingame was not subject to the declaration of homestead by appellant because she had previously declared a homestead on another parcel in San Francisco, which homestead had not been abandoned. There was no evidence of any character or description relating to the alleged declaration of homestead in San Francisco. The only evidence in the record proves without dispute the declaration of homestead upon the Burlingame property and the plaintiff was entitled to a finding that this property was covered by a valid and existing homestead under her declaration.

Under the provisions of subdivision 3 of section 146 of the Civil Code, the trial court is authorized to assign the homestead to the innocent party either absolutely or for a limited period, *or* it may be *divided,* or be sold and *the proceeds divided.* The section does not authorize the court to assign a one-half undivided interest in the homestead to the party at fault, as has been done here. In determining the proper division of the community property the trial court will also determine the course to be pursued as to this homestead property—by either assigning it to the ap-

pellant absolutely, or for a limited period, or by dividing it between the parties, or by ordering it sold and the proceeds thereof divided—in either case awarding the appellant such proportion thereof as she is entitled to receive under the views hereinbefore expressed.

Judgment reversed.

Koford, P. J., and Sturtevant, J., concurred.