[L. A. No. 11863. In Bank.—May 6, 1930.]

FLORENCE KATHRINE TIPTON, Appellant, v. THOMPSON RAMSEY TIPTON, Respondent.

Koenig & Brunton, Victor H. Koenig and A. W. Brunton for Appellant.

C. L. Belt and E. S. Green for Respondent.

SHENK, J.—The plaintiff obtained an interlocutory decree of divorce from her defendant husband on the grounds of desertion and extreme cruelty. Notwithstanding the findings

that the defendant was guilty of desertion and extreme cruelty, the court allotted all of the community property, consisting of real estate of the value of $2,500 and an automobile, to the defendant husband. The plaintiff appeals on the judgment-roll from that part of the interlocutory decree which awarded all of the community property to the defendant.

The sole question for determination is this: May the trial court lawfully award all of the community property to the offending party when the divorce is granted on the grounds of desertion and extreme cruelty? The question must be answered in the negative. When the ground for the dissolution of the marriage is desertion the community property must be divided equally. (Civ. Code, sec. 146, subd. 2.) When the ground is extreme cruelty the community property must be assigned "in such proportions as the court, from all the facts of the case, and the condition of the parties, may deem just." (Civ. Code, sec. 146, subd. 1.) But the discretion of the trial court in disposing of the community property under subdivision 1 is not an arbitrary one and is subject to revision on appeal. (Civ. Code, sec. 148.) When the divorce is granted on the ground of desertion alone there is no discretion to divide the community property other than equally, and the plain inference to be derived from the foregoing code sections is that when the divorce is granted on the ground of extreme cruelty the non-offending party is entitled to more than that awarded to one who is at fault. (*Eslinger* v. *Eslinger,* 47 Cal. 62; *Quagelli* v. *Quagelli,* 99 Cal. App. 172 [277 Pac. 1089]; 5 Cal. Jur., p. 358 et seq., and cases therein cited.)

The evidence is not before us, consequently we are not in position to modify and affirm the judgment. That portion of the interlocutory decree appealed from is therefore reversed.

Seawell, J., Curtis, J., Preston, J., and Waste, C. J., concurred.