[Civ. No. 14753.   Second Dist., Div. Three.   May 24, 1945.]

## WILMA DOROTHY FORRESTER, Appellant, v. LEE BARXTEL FORRESTER, Respondent.

Paul G. Breckenridge and Derthick, Cusack & Ganahl for Appellant.

Vernon M. Brydolf for Respondent.

FOX, J. pro tem.—This is an appeal by the plaintiff from an order modifying and reducing the monthly payments provided in the prior divorce decree of the parties from $50 to $25 per month.

In 1940 plaintiff filed an action for separate maintenance against defendant.  He answered the complaint and also filed a cross-complaint for divorce which plaintiff answered.  The case came on for trial on March 10, 1942.  At the conclusion of the trial judgment was rendered for the plaintiff.  The judgment, which was signed and filed the next day, recites that "The parties hereto through their respective counsel hav-

ing stipulated in open Court that they had entered into an agreement covering their mutual rights in respect to property and support and maintenance, which said agreement was to be made a part of the judgment herein, and defendant and cross-complainant having dismissed his cross-complaint; and the parties through their respective counsel having stipulated that plaintiff's complaint be amended so as to pray for a decree of divorce in place of a decree for separate maintenance; and evidence having been introduced on behalf of plaintiff . . . and written findings of fact having been waived by the parties hereto . . . IT IS ADJUDGED that plaintiff is entitled to a divorce from defendant. . . ." The judgment contained the following provision: "IT IS FURTHER ORDERED AND ADJUDGED that defendant shall pay to plaintiff the sum of Fifty ($50.00) Dollars per month, payable on the first day of each and every month, commencing April 1, 1942, and continuing each month thereafter until such time as plaintiff shall remarry; . . . that all the household furniture of the parties be awarded to plaintiff herein and defendant is ordered to pay off the balance due on the purchase price of said furniture as heretofore ordered, said balance being in the approximate amount of $305.00; that defendant hold any proceeds from or interest in the Police Retirement or Pension Fund of the City of Pasadena which he may receive or be entitled to receive, in trust as security for the payments herein provided to be paid to plaintiff." The settled statement on appeal recites that, "The agreement of the parties referred to in said judgment covered their mutual rights in respect of property and support and maintenance, and was oral. The property referred to therein was the community property of the parties set forth and described in the pleadings upon which said action was based." No appeal was taken from said interlocutory decree. The final judgment was entered March 16, 1943. It confirmed the provisions of the interlocutory decree.

On March 17, 1944, plaintiff was ordered to show cause why the judgment should not be modified by relieving defendant from any obligation to make further payments to her. Defendant's affidavit in support of said order to show cause stated, among other things, that defendant had remarried and plaintiff was employed and unmarried. In her affidavit in opposition to the motion plaintiff stated: "That in open court plaintiff and defendant stipulated as to the distribution

of their property rights, including a stipulation contained in the minutes of this court and in the judgment herein that defendant would pay to plaintiff the sum of $50.00 per month until she remarried; that said judgment and stipulation provided that the payments would be made to plaintiff until such time as plaintiff should remarry, and did not provide for modification. . . .'' She also alleged: ''that the judgment and order herein attempted to be modified were based upon a contract and property settlement and the stipulation of the parties and their respective counsel, and are not subject to modification.''

The matter was heard upon the affidavits of the parties without other evidence except ''the stipulation that the amount of plaintiff's current earnings were substantially as alleged in defendant's affidavit.'' The court made its order modifying said interlocutory and final decree and reduced the payments to $25 per month. It is from this order that plaintiff appeals.

It is plaintiff's contention that the monthly payments provided by said decree were part of a property settlement and were incorporated therein pursuant to an agreement of the parties and therefore said decree is not subject to modification in that respect. We agree with this contention.

It appears that the parties did have certain community property, though we are not informed as to either the character or extent thereof. It also appears that the parties had lived together some nineteen years and that defendant was or had been a member of the Police Department of the City of Pasadena and had or would have an interest in the Police Retirement or Pension Fund of said city. Any proceeds, however, which defendant might receive from said fund were not to be divided or otherwise shared with plaintiff but were to be held ''in trust as security for the payments herein provided to be paid to plaintiff.'' From the fact that plaintiff was awarded the divorce decree it follows that she was not the party at fault and therefore she was entitled to not less than half of the community property. (Civ. Code, § 146; *Quagelli* v. *Quagelli* (1929), 99 Cal.App. 172, 176 [277 P. 1089]; *Tipton* v. *Tipton* (1930), 209 Cal. 443 [288 P. 65]; *Shapiro* v. *Shapiro* (1932), 127 Cal.App. 20 [14 P.2d 1058]; *Falk* v. *Falk* (1941), 48 Cal.App.2d 762, 770 [120 P.2d 714].)

The parties were in court with their respective counsel apparently ready to try a contested case—the plaintiff seeking separate maintenance and the defendant seeking a divorce. The result was a settlement, the case proceeding as a default, evidence being offered only in behalf of plaintiff. As a part of that settlement the parties through their respective counsel stipulated, so says the judgment, in open court that "they had entered into an agreement covering their mutual rights in respect to property and support and maintenance, which said agreement was to be made a part of the judgment herein. . . ." The judgment then proceeds to provide that "defendant shall pay to plaintiff the sum of Fifty ($50.00) Dollars per month . . . until such time as plaintiff shall remarry." The affidavit of plaintiff is to the effect that the said stipulation as to the distribution of their property rights included a stipulation that defendant would pay to plaintiff $50 per month until she remarried; that this stipulation was a part of the settlement of their property rights; and that the judgment and order requiring defendant to make said monthly payments was based upon said stipulation and property settlement. Plaintiff's affidavit is not denied. It supports, as does the background of the case and the situation of the parties as herein briefly sketched, the recital in the judgment that the parties had agreed upon a settlement of their property rights, that the provision for said monthly payments contained in said decree was pursuant to and in accordance with said agreement and that said provision was a part of the adjustment of the property rights of the parties.

The parties were obviously trying to solve their marital problem and settle their property rights. It is apparent that final settlement was not reached until the case arrived in a trial department for trial. This no doubt accounts for the informality of the settlement. The fact, however, that it was less formal than in most cases should not detract from its effectiveness to carry out the intention of the parties and to accomplish their purpose. This is particularly true since under the circumstances here disclosed the interlocutory decree may be regarded also as, in effect, constituting a contract between the parties. It is to be remembered that plaintiff sued for separate maintenance, that defendant answered and filed a cross-complaint for divorce, that upon the trial plaintiff's complaint was amended to pray for a divorce, defendant offered no evi-

dence, and the judgment was awarded the plaintiff. This is precisely what took place in *Franklin* v. *Franklin* (1945), 67 Cal.App.2d 717 [155 P.2d 637]. In that case it is said (p. 720, 721): ''There is ample support for the proposition that a decree of divorce constitutes a contract between the parties where the defendant defaults by reason of the limited demands for relief made by the plaintiff.'' In *London G. & A. Co.* v. *Industrial Acc. Com.* (1919), 181 Cal. 460 [184 P. 864], the court said (p. 465): ''An interlocutory judgment of divorce is, therefore, so far as it determines the rights of the parties, a contract between them.'' (See, also, to the same effect, *Brown* v. *Brown* (1915), 170 Cal. 1, 5 [147 P. 1168].) From a consideration of the entire proceedings it seems clear, under the foregoing rule, that when plaintiff came to terms with defendant and was allowed to proceed without opposition to her demands she would have been in no position later to increase them. For the same reason, defendant should be held bound by his agreement which was carried into and evidenced by the decree.

It is significant that neither in the portion of the decree which recites that the parties ''had entered into an agreement covering their mutual rights in respect to property and support and maintenance'' nor in the portion of the decree wherein defendant is ordered to make the monthly payments to plaintiff is there any provision that says the payments shall be made until the further order of the court or which indicates that the court shall have the right to later modify the decree in that respect. The affidavit of plaintiff says there was no provision for modification. It is also significant that the decree does not designate the monthly payments as alimony or for plaintiff's support and maintenance. If said monthly payments had been intended as alimony or it had been intended that said payments might be modified and changed from time to time it seems reasonable that some expression of such intent would be found in either the stipulation of the parties or in the decree. The definite provision that the payments were to continue until plaintiff should remarry is to be understood as meaning exactly what it says, and so construed it allowed for no modification by the court.

The case, therefore, falls within the principle of such cases as *Ettlinger* v. *Ettlinger* (1935), 3 Cal.2d 172 [44 P.2d 540], and *Puckett* v. *Puckett* (1943), 21 Cal.2d 833 [136 P.2d 1].

In both of these cases the monthly payments were to continue, as here, until the plaintiff remarried. In the latter case the Supreme Court said that (p. 840) "if there is a property settlement agreement providing as a part thereof for periodical payments to be made to the wife by the husband and the agreement is approved by the court and the payments ordered by the decree to be paid pursuant to the agreement, that order will not be subsequently modified, except by the consent of the parties." In *Henzgen* v. *Henzgen* (1944), 62 Cal.App.2d 214 [144 P.2d 428] this court said (p. 217): "It is now settled that if a husband and wife enter into a contract disposing of their property and include as an integral part of the agreement a provision that the husband shall pay the wife a sum fixed, monthly or otherwise, whether identified as alimony or unidentified, not only is she entitled to be paid that sum because of the contract, but if the agreement is approved and by some suitable means made a part of a subsequent judgment of divorce, she is entitled to it by virtue of the judgment as well. In such event, notwithstanding the words of section 139 [Civil Code] that 'the court may from time to time modify its orders in these respects' it may not do so."

The application of these principles to this case leads to the conclusion that since the monthly payments ordered by the decree are in effect and essence a phase of the property settlement rather than merely alimony the court had no power to reduce the amount of said payments, except by consent of the parties. (*Ettlinger* v. *Ettlinger, supra; Puckett* v. *Puckett, supra; Moran* v. *Moran* (1935), 3 Cal.2d 342 [44 P.2d 546]; *Kohl* v. *Kohl* (1944), 66 Cal.App.2d 535 [152 P.2d 494].)

Plaintiff relies on *Plummer* v. *Superior Court* (1942), 20 Cal.2d 158 [124 P.2d 5]. In that case there was a property settlement agreement but the interlocutory divorce decree did not order or direct defendant to do or perform any act or carry out any provision or stipulation provided for in the agreement. The interlocutory decree simply by way of recital stated that a copy of the contract " 'annexed hereto and made a part hereof . . . is hereby ratified, approved and confirmed.' " (P. 164.) The final decree contained a similar recital. Consequently, the court decided that defendant could not be held in contempt for failure to make certain payments under the agreement. Obviously, the case has no application to the problem before us. The factual situation in each of the

other cases relied on by defendant is so different from the instant case that none of them is of any assistance.

The order appealed from is reversed.

Desmond, P. J., and Shinn, J., concurred.