[Civ. No. 14838.   Second Dist., Div. Three.   Sept. 28, 1945.]

FIDELITY AND CASUALTY COMPANY OF NEW YORK (a Corporation), Plaintiff, v. J. B. MAHONEY, JR., a Minor, etc., Respondent; PATRICIA MAHONEY, Appellant.

Milan E. Ryan and Robert Ryan for Appellant.

Frank J. Indovina and Philip Schwabacher for Respondent.

WOOD (Parker), J.—On June 28, 1943, in Louisville, Kentucky, J. B. Mahoney, Sr., a resident of Los Angeles, purchased an airplane-travel accident insurance policy from the plaintiff insurance company and mailed it to the beneficiary named therein, J. B. Mahoney, Jr., of Los Angeles, his sixteen-year-old son by a former marriage. Soon after the policy was purchased, the insured boarded an airplane for the purpose of going to Los Angeles, and within an hour thereafter the airplane fell in Kentucky and as a result thereof he was killed.

Patricia Mahoney and the insured had been married about two months preceding the airplane accident, and at all times during their marriage they were domiciled in California. She made a demand on the insurance company for one-half the proceeds of the policy on the ground that the policy was purchased with community property.

The insurance company filed this action in interpleader, and upon stipulation an interlocutory decree was entered wherein it was ordered that upon deposit in court by the insurance company of $4,989.50 (being the amount of the policy less $10.50 for costs) it would be released from liability under the policy, and it was further ordered that J. B. Mahoney, Jr., and Patricia Mahoney litigate between themselves to determine who was entitled to receive the amount so deposited. The insurance company made the deposit.

Defendant Patricia Mahoney alleged, among other things, that she was the widow of J. B. Mahoney, deceased; that the premium on said policy was paid by J. B. Mahoney from community property funds owned by him and her; and that as his widow she was entitled to one-half of said $5,000.

Defendant J. B. Mahoney, Jr., alleged, among other things, that he was the beneficiary named in the policy; that the $5,000 was not community property; that Patricia Mahoney had no right, title or interest in said $5,000; and that the policy was purchased with the separate property of the deceased J. B. Mahoney.

The court found that the $5,000 was not community property; that Patricia Mahoney had no right, title or interest therein; and that the policy was purchased with the separate property of deceased J. B. Mahoney. The court concluded

that J. B. Mahoney, Jr., was entitled to a judgment ordering that the funds deposited with the court be paid to his guardian. The judgment was that J. B. Mahoney, Jr., by his guardian, recover judgment as against defendant Patricia Mahoney, and that he, by his guardian, was entitled to the sum of $2,494.75 deposited in court by plaintiff. Defendant Patricia Mahoney appeals from the judgment, and contends that the findings of fact are not supported by the evidence.

In the statement on appeal it is recited: "There is no evidence as to the nature or extent of the decedent's estate, whether separate or community, except that it is shown the decedent earned a gross monthly salary in an undetermined amount during the period of his second marriage and that he had a bank account in his own name. There was no evidence on behalf of either of the defendants as to whether or not the premium paid for said policy of insurance came from the separate estate or the community estate of the decedent." The record does not show what amount was paid for the policy, but since it was stated in the written opinion of the trial judge and in the briefs that the amount was $1.00, it will be assumed herein that $1.00 was the amount of the premium.

Appellant's theory is that the insurance premium was paid by the insured from community funds, that such payment was a gift by the husband of community funds, and that such gift, being without her written consent, was a nullity under the provisions of section 172 of the Civil Code as to her one-half interest in the premium money, and therefore she is entitled to one-half the proceeds of the policy.

Section 172 of the Civil Code provides: "The husband has the management and control of the community personal property, with like absolute power of disposition, other than testamentary, as he has of his separate estate; provided, however, that he cannot make a gift of such community personal property . . . without the written consent of the wife." If the insurance premium was paid from the husband's separate funds the wife was not entitled to any part of the proceeds of the policy, it being provided in section 157 of the Civil Code that "Neither husband nor wife has any interest in the property of the other. . . ." In *Mundt* v. *Connecticut Gen. Life Ins. Co.*, (1939), 35 Cal.App.2d 416 [95 P.2d 966], wherein the husband had paid the premiums on his life insurance policy from community funds without the wife's con-

sent, the question was whether the wife, who was not the named beneficiary, was entitled to one-half the proceeds of the policy. In that case the court said at page 421: ". . . the only test applied to this problem has been whether the premiums (on a policy issued on the life of a husband after coverture) are paid entirely from community funds. If so, the policy becomes a community asset and the nonconsenting wife may recover an undivided one-half thereof. . . ." (See, also, *Bazzell* v. *Endriss* (1940), 41 Cal.App.2d 463 [107 P.2d 49].) The court was required to find whether the money used in paying the premium was paid from community funds. As above shown, there was no oral or documentary evidence as to whether the money used in paying the premium was community property or separate property. As to appellant's contention that the findings were not supported by the evidence, she argues that, since there was no evidence to the contrary, the presumption, under section 164 of the Civil Code that property acquired after marriage (other than by gift, devise, or descent) is community property, is determinative that the money used to pay the insurance premium was community property. ▮ There is a presumption that property acquired after marriage, other than by gift, devise, or descent, is community property. (*Estate of Duncan,* 9 Cal.2d 207, 217 [70 P.2d 174].) ▮ Where the marriage relation has existed a short period of time the presumption that property acquired after marriage is community property is of less weight than in the case of a long-continued marriage relation. (*Estate of Duncan, supra,* 217; *Falk* v. *Falk,* 48 Cal. App.2d 762, 767 [120 P.2d 714] ; 41 C.J.S. 1031.) ▮ There is no presumption, however, as to when property was acquired. (*Scott* v. *Austin,* 57 Cal.App. 553, 556 [207 P. 710] ; 3 Cal.Jur. Supp. 554.) ▮ The marriage relation had existed about two months. The husband had a bank account in his own name. It was not shown at the trial whether his bank account was large or small or whether the bank account had been in existence a long or short time, and it was not shown whether his monthly salary was large or small. It would seem that proof of such matters was available. Such proof would have been of material assistance to the trial court in determining whether the $1.00 used in paying the premium was acquired before or after the marriage, especially in view of the short time of marriage and in view of the small amount of the premium. The appellant had alleged in her answer that the

premium was paid from community funds, but she did not allege that it was paid without her consent. Even if the premium had been paid from community funds, the gift of the $1.00 would not be invalid unless it was made without her consent. Although she was in the best position to know and to prove whether she had so consented, she offered no evidence as to whether she had consented to such payment. She was the one who was asserting an interest in the proceeds of a policy wherein she was not a named beneficiary. The $5,000 was not property which had been in actual possession of the husband or wife. In the transaction whereby the husband expended $1.00 and acquired the accident insurance policy he did not dispose of property in possession of the value of $5,000 or of any value in excess of $1.00. If the $1.00 was community property, and if the payment of it was an invalid gift because she had not consented thereto, her only interest therein during his lifetime would have been a one-half interest in the cash surrender value of the policy, namely, some amount less than fifty cents. There was no evidence that it had any surrender value. It was only upon the death of the insured that the expenditure of the $1.00 became the basis of a fixed right to recover $5,000. The appellant was not entitled to a portion of the $5,000 unless, as above stated, the premium was paid from community funds, and unless she had not consented to such payment. It was necessary therefore to determine the source of the $1.00 used in paying the premium. The burden was upon appellant to prove that the $1.00 premium was paid from community funds. Also the burden was upon her to prove that she did not consent to the payment of the premium. She failed to carry the burden in both respects.

As above indicated, only one-half of the amount deposited in court was in dispute. Before judgment was rendered, counsel stipulated and the court ordered that the other half of the amount deposited in court be paid to defendant, J. B. Mahoney, Jr.

The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.