[Civ. No. 7116.   Fourth Dist.   Sept. 17, 1963.]

MERLE W. STROMBERG, Plaintiff and Respondent, v. TINA STROMBERG, Defendant and Appellant.

Minoru Inadomi for Defendant and Appellant.

S. Ward Sullivan for Plaintiff and Respondent.

GRIFFIN, P. J.—██  Plaintiff, cross-defendant and respondent Merel W. Stromberg brought this action against his wife Tina Stromberg, defendant, cross-complainant and appellant, for separate maintenance (subsequently deleted) and also for divorce on the ground of extreme cruelty. The wife answered, denied the charges and filed a cross-complaint seeking a divorce on the grounds of adultery and extreme cruelty and asking for alimony and child support. Plaintiff answered and denied the allegations. Both parties sought a division of the community property. After trial, an interlocutory judgment of divorce was granted to the wife. She appealed from the judgment and complains of the award of community property but not from the portion awarding her the divorce and custody of the children. The claim is

that, since she obtained the divorce on the ground of extreme cruelty, she was entitled to be awarded more than one-half of the community property and that this was not done. (Citing Civ. Code, § 146; *Tipton* v. *Tipton,* 209 Cal. 443 [288 P. 65]; *Henie* v. *Henie,* 171 Cal.App.2d 572 [340 P.2d 1024]; *Quagelli* v. *Quagelli,* 99 Cal.App. 172 [277 P. 1089].)

The decree awarded to the wife: (1) the home at 9322 Rosebay Street, Anaheim, subject to encumbrances thereon; (2) furniture therein; (3) Ford station wagon; (4) portion of real estate in Los Alamitos; and (5) lease of Big Ben Sash and Door Company.

Plaintiff husband was awarded as community property: (1) a fabricating business; (2) portions of real estate in the town of Los Alamitos on which is located the business of California Batching Equipment Company; (3) all machinery, etc., used therein; and (4) a Ford camper automobile.

The wife was ordered to execute documents encumbering the property awarded to her up to $30,000 so that the husband could obtain a loan to operate the business. The husband was ordered to hold the wife harmless on account of her execution of said documents. He was ordered to pay her $400 per month but under the condition that the money received by her under the lease would be credited to the amount due from him as alimony. The court found all of this to be community property.

Expert appraisers and others were divergent in their opinions as to the value of the community property. The opinion of a Mr. Field was that the residence, including the land and improvements, was valued at $34,000, with an encumbrance of $17,000; furniture therein was valued at $3,000; Ford station wagon, no value fixed; one-half of the business property in Los Alamitos awarded to the wife, $29,700; the Big Ben lease expiring July 24, 1965, with option to renew for five years at $335 per month, totaling $13,735. The claim is that this valuation on the lease should be deducted from the wife's share because it was ordered that this amount should be credited to the husband's payment of alimony.

Field's report then values the husband's award as follows: business known as California Batching Equipment Company, $26,749.25; his portion of the property on which it is located, $29,700 as land valuation and $14,300 as improvements, totaling $44,000; machinery, $25,144.50; Ford camper, $2,600; indicating that the wife received a total of

$63,435 cash value compared to the husband's $98,493.75 cash value. A Mr. Bohan, an appraiser, after listing his appraisal of the property, fixed the wife's share at $98,885, and said that the husband received $150,102.55 value in property. Request is here made to revise the award so that the wife will receive in excess of one-half its value.

Plaintiff husband, in reply, asserts that the appraiser has fixed the value of the business at $26,749.25, and therefore the $25,144.50, the amount allowed for machinery and equipment, should be stricken from that item as a duplication, and accordingly the total value of his award was $71,744.50 and not $98,493.75. The value of the two cars was indefinite. One was awarded to each party, but the husband was ordered to complete the payments on the wife's car. Plaintiff husband would be entitled to credit accordingly. The amount of rent to become due under the lease assigned to the wife was indefinite. It may be cancelled within a short time and may not be renewed. This would change its value considerably. Her obligation to further pay this rental toward her order for support would become involved.

Plaintiff husband testified that in order to operate his business under present circumstances, it would be necessary for him to borrow about $50,000; that unless he could borrow and pay his creditors, they would refuse to supply him with the materials necessary to continue operating his business; that the financial condition of the business has been growing steadily worse in the past three or four years and that he has inadequate capital and borrowing capacity to carry on; that since his only income was from the operation of his business, his ability to support his children ($100 per month for each of two children, or a total of $200 per month) and to comply with the award of alimony to his wife was dependent upon his remaining in business. Apparently the trial court recognized this when, at the conclusion of the trial, the court stated:

"I don't presume to know as much about his business as he does, he has provided for his family in the past by running it and I am going to have to let him provide for his family in the future by running it the way he wants to run it, so he may borrow up to thirty thousand dollars from the . . . Bank and Mrs. Stromberg is ordered to join in the deed of trust."
We do not know whether the trial court accepted, in its entirety, the values placed on the property listed by these two appraisers. Apparently they were far from agreeing

themselves as to the values. At least, it would be difficult to say, as a matter of law, that defendant wife did not receive more than one-half of the value of the community property. Here, plaintiff husband was under an obligation to operate and run the business to make it of any value to either party. His obligation to pay his wife the amount of the award in alimony, child support and maintenance of the business as a going concern was important not only to him but to the wife as well. The court, in the interest of justice, endeavored to work out a program for their mutual benefit. It is quite apparent that the trial judge had in mind the old adage that one should not kill the goose that lays the golden egg. In *Falk* v. *Falk*, 48 Cal.App.2d 762, 770-771 [120 P.2d 714], it was said that Civil Code, section 146, confers upon the court: ". . . a discretion in determining the amount of community property to be awarded to the respective parties when a divorce is granted on the ground of either adultery or extreme cruelty. That discretion must accord with justice in the light of the facts of the particular case and the condition or circumstances of the parties as provided by that section of the code." We conclude that under the facts presented, the dire financial circumstances of plaintiff husband, and the desire of the trial court to keep him in business so that he could in the future provide for his wife and children, the judgment is in "accord with justice in the light of the facts of [this] particular case and the condition or circumstances of the parties." (*Falk* v. *Falk, supra*, 48 Cal.App.2d 762, 770-771.)

Judgment affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.