[S. F. No. 2414.   Department Two. — October 12, 1901.]

## ANN GORMAN, Respondent, v. PATRICK GORMAN, Appellant.

DIVORCE — EXTREME CRUELTY — DIVISION OF COMMUNITY PROPERTY — DISCRETION OF COURT. — Where a divorce was granted to the husband, as cross-complainant, on the ground of the extreme cruelty of the wife, who sued for a divorce as plaintiff, the court had discretion to award seven twelfths of the community property, including the homestead, to the defendant, and to award the remaining five twelfths to the plaintiff.

ID. — APPEAL — REVIEW OF DISCRETION — EVIDENCE NOT RETURNED. — Although the discretionary action of the court in such a case is expressly made, by section 146 of the Civil Code, subject to revision upon appeal to this court, yet where the evidence is not in the record, and this court has not " all the facts of the case and the condition of the parties " before it, and cannot say that the division was not just, the action of the superior court in dividing the property will not be disturbed upon appeal of the divorced husband.

ID. — CONSTRUCTION OF CODE PROVISIONS — LIMITS OF DISCRETION. — The provisions of section 146 of the Civil Code relating to the division of the community property, where a divorce is granted on the ground of extreme cruelty or adultery, though impliedly requiring that more than half of the community property shall be awarded to the innocent party, does not otherwise limit the discretion of the trial court, in making the award, by any general rule.   The proportion should depend upon the particular circumstances of each case. Where the trial court has exercised a legal discretion, this court, though clothed with the power of "revision" under the statute, will be slow to interfere with that discretion.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   William R. Daingerfield, Judge.

The facts are stated in the opinion.

George D. Collins, for Appellant.

Joseph H. Mayer, A. D. Lemon, and A. E. Mack, for Respondent.

GRAY C. — In this action the defendant was granted a divorce on the ground of the extreme cruelty of plaintiff, and awarded seven twelfths of the community property, including the homestead.

The plaintiff was awarded the remaining five twelfths. The aggregate value of all said property was found to be $7,748.50. The defendant appeals from that portion of the decree relating to the division of the property, and claims that he should have had more than seven twelfths thereof.

The appeal is presented on the judgment roll, the evidence not being in the record. The findings follow the cross-complaint as to the charge of cruelty, setting forth generally two instances of violent beatings sustained by defendant at the hands of plaintiff, and that in consequence of the last of these outbreaks the defendant was compelled to flee from his home and remain away therefrom as a necessary measure to his personal safety. Whether there was any cause or provocation for this violent conduct on the part of the female spouse does not appear. Nor do the findings enlighten us as to defendant's ability or inability to support himself by means other than the property in controversy.

Where the divorce is granted on the ground of adultery or extreme cruelty, section 146 of the Civil Code leaves the disposition of the community property, in the first instance, to the discretion of the trial court, with, perhaps, the qualification, inferred from a reading of the entire section, that, as a general rule, more than one half of such property must be decreed to the innocent spouse in such a case. (*Eslinger* v. *Eslinger*, 47 Cal. 62; *Brown* v. *Brown*, 60 Cal. 579.) It is true that section 148 of the Civil Code makes the action of the trial court in this connection subject to "revision" on appeal, in all particulars, including those matters which are in the discretion of the court below; but on the record before us we are not disposed to interfere with the action of the trial court; for it appears that that court had advantages for reaching a just conclusion in the premises which we do not possess. The parties and witnesses were

before it, with the details of the evidence, while here we have but the conclusions reached in the findings. Not having "all the facts of the case and the condition of the parties" (Civ. Code, sec. 146, subd. 1) before us, we cannot very well say what would be a just division of the property; but so far as we can see, it was justly divided between the parties by the trial court.

We find the cases of *Eslinger* v. *Eslinger*, 47 Cal. 62, and *Brown* v. *Brown*, 60 Cal. 579, cited in appellant's brief in support of the following proposition: "The proper proportion of the community property to be awarded the innocent party, where the divorce is granted upon the ground of extreme cruelty, is held to be *three fourths.*" We do not understand that either of these cases lays down any such general rule, but only that, under the circumstances disclosed in each of the cases, three quarters of the community property was the proper amount to go to the innocent party. Indeed, if the statute is not to be disregarded, no general rule as to the matter can be laid down by the court, but each case must be left to the discretion of the court, within the limits to be implied from the statute. In the two cases *supra*, the reason why the appellate court interfered with the disposition of the property made by the lower court appears to have been, that the lower court misunderstood or misinterpreted the statute; and there is no evidence in either of the cases that this court would have modified the division made, if the trial court had given the innocent party any amount in excess of one half of the community property; but as the trial court had really failed to exercise a legal discretion in the matter, and it therefore became necessary for the appellate court to exercise its discretion in the premises, the division was made by it in accordance with what appeared to be just, from such record as was before it in the case. Here, however, the trial court has exercised a legal discretion in the case, and this court should not be swift to interfere with that discretion, even though it be clothed with the power of "revision" under the statute.

We advise that the decree be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the decree is affirmed.　　　McFarland, J., Temple, J., Henshaw, J.