[Civ. No. 448.   Second Appellate District.—November 25, 1907.]

EMMA NELSON, Appellant, v. CARL I. NELSON, Respondent.

DIVORCE—EXTREME CRUELTY—SALE AND EQUAL DIVISION OF COMMUNITY PROPERTY—DISCRETION—APPEAL—FACTS NOT IN RECORD—PRESUMPTION.—A divorce granted to the wife for the extreme cruelty of the husband does not, by virtue of that fact alone, entitle her to an award of more than one-half of the community property. The court, in view of the facts of the case and the condition of the parties, had discretion to order the community property sold, and to divide the

proceeds equally between the parties, subject to review upon appeal. But where the facts of the case and the condition of the parties do not appear in the record upon appeal, this court cannot say that the division was unjust, and must presume that the trial court, upon sufficient facts before it, deemed it necessary, in making a division of the community property, to order it sold and the proceeds divided; and its action will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.  D. K. Trask, Judge.

The facts are stated in the opinion of the court.

H. A. Massey, and Paul E. Ussher, for Appellant.

The court below did not exercise a legal discretion and this court will do so for it.  (*Gorman* v. *Gorman*, 134 Cal. 380, 66 Pac. 313; *Eslinger* v. *Eslinger*, 47 Cal. 62; *Brown* v. *Brown*, 60 Cal. 579; *Strozynski* v. *Strozynski*, 97 Cal. 189, 31 Pac. 1130.)

Munson & Barclay, for Respondent.

The evidence not being in the record, this court cannot say that the action of the court below was unjust.  (*Gorman* v. *Gorman*, 134 Cal. 378, 66 Pac. 313.)

SHAW, J.—Action for divorce upon the ground of extreme cruelty.  The divorce was granted plaintiff upon the ground prayed for, and the community property, consisting of a lot and residence valued at $2,500, besides household furniture, was awarded in equal shares to the parties.  The court adjudged that the real estate be at once sold for the sum of $2,500 cash, and ordered a commission issued to one Lacey to sell the same for said sum and divide the proceeds between the parties.  Findings were waived.

Plaintiff appeals on the judgment-roll from that part of the decree awarding her one-half of the community property, and also from that part of the said decree ordering the real estate to be sold for $2,500 cash.

1. Appellant insists that, under the provisions of section 146 of the Civil Code, she was entitled to more than one-half of the community property.  Subdivision 1 of said sec-

tion provides: "If the decree be rendered on the ground of adultery, or extreme cruelty, the community property shall be assigned to the respective parties in such proportions as the court, from all the facts of the case, and the condition of the parties, may deem just." Section 148 of the Civil Code provides that the disposition of the community property and the discretion of the trial court in respect thereto are subject to revision on appeal.

Appellant's contention is that in all cases a party granted a divorce upon the ground of extreme cruelty is, by virtue of that fact alone, entitled to an award of more than one-half of the community property. We do not so interpret subdivision 1 of section 146 of the Civil Code. A wise exercise of discretion in considering all the facts of the case and condition of the parties may justify an equal division of the community property. When such an award is made, this court, in the absence of anything in the record disclosing the facts of the case and conditions upon which the court based such award, should not interfere with an order making such division. "Where the evidence is not in the record, and this court has not all the facts of the case and the condition of the parties before it, and cannot say that the division was not just, the action of the Superior Court in dividing the property will not be disturbed upon appeal." (*Gorman* v. *Gorman*, 134 Cal. 378, [66 Pac. 313].)

2. Section 147, Civil Code, provides that whenever necessary in disposing of the community property the court "may order a partition or sale of the property and a division or other disposition of the proceeds." (*Reid* v. *Reid*, 112 Cal. 274, [44 Pac. 564].) We must presume, in the absence of anything to the contrary in the record, that the court, upon sufficient facts before it, deemed it necessary, in making a division of the community property, to order it sold and the proceeds divided.

Judgment affirmed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 23, 1908.