[Civ. No. 15330. Second Dist., Div. Three. Oct. 15, 1946.]

FLORENCE FINE, Appellant, v. ROBERT FINE, Respondent.

Benjamin J. Goodman and Laurence Berger for Appellant.

Werner O. Graf for Respondent.

DESMOND, P. J.—The only question involved on this appeal is whether the trial court was guilty of an abuse of discretion in the order which he made modifying a former order for alimony. By the terms of an interlocutory decree entered in favor of the plaintiff, signed on May 26, 1938, she was granted a divorce from her husband, who was ordered to pay through the court trustee as permanent alimony the sum of $35 per week for the support of plaintiff and her minor child. Three months later, on August 22, 1938, the order was modified requiring the defendant to pay the plaintiff a total of $100 per month, of which $20 was to be applied on arrearage and $80 to constitute the current alimony payment. Approximately three months later, on November 17, 1938, the former order was modified by requiring defendant to pay to the plaintiff $50 per month for a period of six months, then the former order to be resumed. The record indicates that for the next several years there was no resumption of $80 payments and some difficulty was experienced in collecting $50 per month.

Finally, an order was issued on September 7, 1945, calling upon the defendant to show cause why the order of November 17, 1938, should not be modified "and further, different or additional orders made as requested in plaintiff's affidavit." The affidavit recited "That since said Order was made the conditions and circumstances surrounding the parties, and upon which said Order was based, have materially changed, in this: . . . That defendant is now paying to plaintiff for her maintenance and support, and for the support and maintenance of the minor child of the parties hereto, to wit, Marilyn Fine, the sum of Fifty Dollars ($50) per month, and also Five Dollars ($5) per month on arrears for support and maintenance upon which there is a balance now due of One Hundred Ninety-five Dollars ($195). That since said order was made, defendant has established a lucrative and successful practice in his profession of dentistry, and now has a large office located at 241 East Queen Street, Inglewood, California. That said defendant employs two nurses, besides his wife who assists him in his practice. That he is very busy and his full business time is occupied in treating patients. That your affiant is informed and believes, and basing her statement on that ground alleges that said defendant has an income of approximately Thirty Thousand Dollars ($30,000) per year. That your affiant's conditions and circumstances and those of the minor child of the parties have also changed in that the minor child is constantly under the attention of expert physicians to treat her for a very serious ailment, to wit, hypoglycinea. That said minor child is also suffering from bronchial asthma. That your affiant [has] for years past, [has been] and still is, paying approximately $50 to $60 per month for doctors' bills for said minor child. That said child has been under care and treatment by the following physicians and surgeons: Dr. Adelbert Frisch and Dr. John M. Askey. That your affiant has also had to pay and expend moneys for medicines, sundries, and x-rays for said child. That said minor child is now attending the University of California of Los Angeles, and the cost of attending said University is not within the means of your affiant and is within the means of the defendant. That the matriculation fee and books are $75 per semester at said University. That your affiant has been living with and dependent upon friends and relatives for her maintenance and support and the maintenance and support of the minor child, and that $50 per month is inadequate to

maintain and support your affiant and the minor child under present living conditions. That the cost of food, clothing, and shelter has considerably increased since the date that the original Order was made, and there has been a corresponding increase in income of the defendant.''

Based upon the conditions recited a request was made that the former order be modified by a new order ''as follows, to-wit: That defendant be ordered to pay for the maintenance and support of plaintiff and the minor child of the parties hereto, the sum of Four Hundred Dollars ($400) per month. That defendant be ordered to pay forthwith the arrearage due in the sum of One Hundred Ninety-five Dollars ($195). That the defendant be ordered to pay to the plaintiff as and for attorney's fees for instituting and prosecuting this Order to Show Cause, the sum of One Hundred Fifty Dollars ($150) for attorney's fees and Fifteen Dollars ($15) additional for court costs.''

The trial judge's reaction to the request for an increased allowance appears in the minute order of October 23, 1945, reading as follows: ''Modification granted; defendant ordered to pay plaintiff for the support of minor child, through John M. Zuck, Court Trustee, the sum of $100.00 per month, payable one-half on the 1st and 15th of each month, commencing November 1, 1945 and continuing until the further order of the Court or until child reaches the age of 21 years; defendant ordered to pay plaintiff for the support of plaintiff the sum of $30.00 per month, payable through the Court Trustee, payable one-half on the 1st and 15th of each month, commencing November 1, 1945 and continuing until the further order of the Court. Defendant is further ordered to pay, direct to plaintiff's attorney forthwith, the sum of $100.00 attorney fees and $15.00 costs.'' Since the minor child was to reach her majority in May of 1946, the award for her support, $100 per month, would and did expire not more than six or seven months later. Upon cross-examination of Dr. Fine, it developed that he had not seen her for at least six years; that previously she was subject to bronchial spells and that he had attempted to contact her about her physical condition '' [W]hen I was at my other office and the first thing she did, when she did keep her appointment, the first thing was she wanted a formal dress and she didn't give a darn how I felt.'' Possibly this offense or error in judgment on the part of his 14-year-old daughter so alienated the defendant that he decided not to see her for the ensuing six years.

The evidence produced at the hearing indicated that there had been a decided change in the circumstances of the parties from the days of 1938. Certain of these changes are detailed in respondent's summary of a portion of the evidence, reading as follows: "After the divorce in 1938 respondent slept in his business office, and had no money. He remarried in May of 1942. At that time he had no money at all. He had only one dental chair and no practice. His second wife owned a home in San Fernando, in the San Fernando Valley and had about $1,500.00 cash. The house was sold for $7,500.00. Appellant then opened an office in Inglewood. His second wife bought the equipment and chairs and paid up his old bills, and worked as his assistant ten hours a day. Up until the end of 1943, appellant had never earned in excess of $2,500.00 per year. After his present wife took charge of his office in 1944 and kept the books and the accounts the business increased and for the past two years appellant has been earning a substantial amount from his business." The "present wife" had been named as corespondent in the divorce action. The court took testimony concerning the earnings of the defendant during the period from January to August, inclusive, of 1945, and it appeared therefrom that his net income averaged over $1,500 per month. It also appeared that he employed two nurses or dental assistants and that his wife kept his books at a salary of $200 per month.

The petitioner contends that error occurred (1) when, without any application being made therefor by the defendant, the trial judge reduced the amount of plaintiff's alimony; (2) that the court abused its discretion in modifying a previous order and awarding the plaintiff $30 per month when it was shown by defendant's own admissions that he had a net income of $1,500 per month; (3) that the trial judge was also guilty of an abuse of discretion when he awarded a total sum of $130 per month for the support of plaintiff and her minor daughter, when the court knew that the minor daughter would attain her majority within approximately six months thereafter "thereby resulting in a total award to the plaintiff of $30.00 per month" etc.

The reduction in plaintiff's allowance was not made pursuant to any application therefor upon the part of defendant, either by motion or by request made at the hearing. When the hearing opened, it was stipulated that plaintiff's application for an increased allowance and her application for at-

torney's fees on the order to show cause might be heard together. When the hearing was closed the court stated: ''The matter will be submitted as to the motion to increase and also the motion for attorney's fees.'' The order of modification was made without further hearing. We find it unnecessary to decide whether the court of its own motion could properly make an order materially reducing the amount of the previous order.

The claim that the trial court in exercising its power abused its discretion makes it incumbent upon us to consider carefully all the pertinent circumstances. We have already indicated that a wide range in the matter of allowances was covered in the period 1938 to 1945. The first allowance of $35 per week, made when the divorce was granted and when the defendant was a struggling young dentist, was at the rate of $5.00 per day or $150 per month for the support of his wife and child. In the ensuing six months it was twice reduced, the second order providing for a return after six months to $80 per month, about one-half of the first award. But the order of resumption was ignored and defendant never paid more than $50 per month and was $195 in arrears on those payments when finally in 1945 the plaintiff applied for an increase. While the court ordered immediate payment of the arrearage, it saw fit, notwithstanding the great increase in defendant's earning power, to reduce plaintiff's allowance to the low point of $1.00 per day. This order was made although the undisputed evidence was that the plaintiff had had an operation for goiter in 1930, suffered from thyroid trouble, had been receiving medical treatment for the past five years, had not been employed, had been devoting her time to the care of her daughter, had no property or income of her own, and had been for years dependent upon voluntary contributions by her relatives for her support. Plaintiff testified that she has been supported by contributions of several hundred dollars a month from her sister and has received food and other material assistance from her mother but that the sums advanced to her by her sister have been taken from a trust fund established for the benefit of the sister's son, who will have the legal right to demand and receive for himself moneys that have heretofore been diverted to plaintiff's use. The uncontradicted evidence was that the daughter's condition requires her to be under the constant car of physicians and at a cost of more than $55 per month. Defendant en-

deavored to refute the evidence as to his daughter's ill health by testimony that she looked all right six years before the hearing.

The reasons why the court ordered defendant to pay $30 per month for plaintiff's support are to us inscrutable. The small amount was not fixed because it was adequate for plaintiff's needs nor because defendant could not pay more without financial discomfort. Plaintiff was either entitled to a reasonable amount for her support under the circumstances, or to nothing. There was no evidence that she was able to support herself and there was undisputed evidence that the daughter's physical condition required daily care and attention. It could scarcely be that the court expected plaintiff to become self-supporting under these circumstances, aided by a pittance of $30 per month. If the bounty of plaintiff's relatives furnished a legal ground for excusing defendant from contributing to plaintiff's support, he should not have been required to contribute anything. Perhaps the trial judge was of the opinion that defendant's payments should be reduced to a nominal amount, so long as plaintiff's relatives were willing to carry the burden of her support. But the legal responsibility rests upon the defendant to provide plaintiff with a reasonable amount for her support under the admitted circumstances. Plaintiff is caring for the semi-invalid daughter of the parties and there is no legal or moral justification for lifting the responsibility of the defendant under these circumstances from his own shoulders and placing it upon the shoulders of plaintiff's relatives.

In determining the question as to whether an abuse of discretion occurred in this case, we have in mind the language employed in *Clavey* v. *Lord* (1891), 87 Cal. 413 [25 P. 493], where the court said (p. 419): "The only limitation that the law has placed upon the exercise of discretionary judicial power is, that it must not be abused. While it may be difficult to define exactly what is meant by abuse of judicial discretion, and whatever it may imply as to the disposition and motives of the judge, it is fairly deducible from the cases that one of its essential attributes is, that it must plainly appear to effect injustice." (See, also, *Hale* v. *Hale* (1935), 6 Cal. App.2d 661, 663 [45 P.2d 246].)

Under the circumstances of this case and without questioning the good intentions or impugning the motives of the learned trial judge, it appears from the record that the portion

of the order fixing the allowance to plaintiff for her own support at a mere $30 per month is so unreasonable as to constitute an abuse of discretion. Therefore, that portion of the order is reversed.

Shinn, J., and Kincaid, J. pro tem., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 12, 1946.