[Civ. No. 20055.    Second Dist., Div. One.    July 13, 1954.]

TOM L. FOWLER, Respondent, v. ALICE EVELYN
FOWLER, Appellant.

Dever & Derfman and Stuart S. Hillman for Appellant.

Bruce Mason for Respondent.

WHITE, P. J.—Alice Evelyn Fowler, the defendant and cross-complainant, has appealed from the interlocutory decree of divorce, except those portions thereof by which she was adjudged entitled to a divorce, awarded the custody of the minor daughter, and awarded from the community property the household furniture and furnishings and two insurance policies. In the interlocutory decree there remains subject to this appeal provisions for payment by respondent to appellant of $50 monthly for child support, payment by respondent to appellant's attorneys of $350 additional fees, an award to respondent from the community property of the 1950 Oldsmobile automobile, and the following:

"Pursuant to stipulation of the parties regarding disposition of the United States Civil Service Retirement Funds comprising part of the parties' community property, it is hereby ordered that plaintiff and cross-defendant shall name defendant and cross-complainant as beneficiary of one-sixth of any and all death benefits or annuity or retirement benefits that he, or such beneficiary, might be entitled to receive under said civil service retirement plan.

"Further by way of property settlement, pending his retirement, plaintiff and cross-defendant shall pay to defendant and cross-complainant, until her death or remarriage, the sum of $200.00 per month, payable $100.00 on the 8th and $100.00 on the 23rd days of each month, beginning April 8, 1953. In the event of violation of this order, such payments shall continue after plaintiff and cross-defendant becomes entitled to retirement; otherwise, the receipt by defendant and cross-complainant of the portion of the retirement benefits as aforesaid shall be in full satisfaction of her claims after his retirement. However, if plaintiff and cross-defendant shall retire

between the ages of 55 and 60, at which time there will be a reduction in the amount of his retirement pay, and enters private employment, he shall further pay to defendant and cross-complainant one-sixth of his taxable income, as determined for federal income tax purposes, payable one-half on the 8th and one-half on the 23rd days of each month during the continuance of such private employment.''

■ As urged by respondent, it is well settled law in California that an order or judgment entered upon consent of the parties will not be disturbed on appeal. (*Kentera* v. *Kentera,* 66 Cal.App.2d 373, 375 [152 P.2d 238]; *Meerholz* v. *Sessions,* 9 Cal. 277, 278; *Societe Francaise D'Epargnes* v. *Beardslee,* 63 Cal. 160, 161; and *Estate of Lingg,* 71 Cal. App.2d 403, 407 [162 P.2d 707].)

Appellant states that the record clearly shows that she ''did not stipulate that the automobile be transferred to the respondent or that appellant be denied alimony in addition to the property awarded her.'' She makes no claim that the portions of the interlocutory judgment hereinabove quoted at length were entered without her consent, and, under the general rule above stated, her appeal from those portions of the decree cannot be entertained and must be dismissed.

As to the portion of the interlocutory decree to the effect that respondent's part of the community property shall include the automobile, we have examined the Reporter's Transcript and find nothing therein to indicate that the award of the automobile to the respondent was not in accordance with the same stipulation under the terms of which appellant received the household furniture and furnishings, the insurance policies, $200 a month by way of property settlement, and a one-sixth interest in respondent's civil service retirement fund.

However, even if it had not been stipulated to so divide the community property, the record on this appeal is devoid of any evidence proving, or tending to prove, that appellant received less than one-half thereof. Indeed, the only evidences of values in the record are appellant's testimony that the automobile could be sold for $1,000, and that one more payment of $53.40 was required to pay for it, that the household furniture and furnishings were worth ''maybe $250.00,'' stipulation of counsel that the real property in Atlanta, Georgia, deeded to appellant, produces about $30 a month rental and that the annual taxes thereon are approximately $52, statement of counsel for respondent that the cash values of

the insurance policies were peculiarly shifting and at the moment were $354.05 and $112, respectively, and respondent's testimony that he will receive nothing out of his civil service fund except under retirement, that he is 44 years of age and even if he leaves government employment the fund will remain with the government until he reaches the age of 62 years, that if he works for the government until he is 62, he will then receive an annuity of approximately $300 a month and upon his death the balance of the fund, if any, will be paid to his beneficiary.

    Under this record, which also indicates that discussions were had in the chambers of the judge, where the judge and the attorneys for both parties examined papers and correspondence (not in the transcript before us) concerning the respondent's civil service retirement fund, and there reached a stipulation as to the division of the community property, this court must accept as correct the trial court's statement that "the wife has been given more" and affirm the portion of the interlocutory judgment dividing the community property between appellant and respondent. (*Nelson v. Nelson,* 7 Cal.App. 76, 78 [93 P. 399]; *Gorman v. Gorman,* 134 Cal. 378, 380 [66 P. 313]; and *Crouch v. Crouch,* 63 Cal. App.2d 747, 756 [147 P.2d 678].)

Alimony or support for appellant is not mentioned either in the interlocutory judgment from which this appeal is taken, or in the notice of appeal. However, appellant contends that the trial court's failure to award her alimony "in addition to the property awarded her" was an abuse of discretion.

Respondent urges that, under the decision in the case of *Louknitsky v. Louknitsky,* 123 Cal.App.2d 406, 411 [266 P.2d 910], appellant, by her stipulation as to the division of the community property and her waiver of findings at the close of the trial, waived her right to be heard on appeal. This is not the law.

    Where, as in the instant action, findings of fact were waived, it is presumed that the trial court found all the facts in issue necessary to support the judgment. (*Bekins Van Lines, Inc. v. Johnson,* 21 Cal.2d 135, 137 [130 P.2d 421]; *Gray v. Gray,* 185 Cal. 598, 599 [197 P. 945]; *Childers v. Childers,* 74 Cal.App.2d 56, 59 [168 P.2d 218].) But where, as here, the record is presented to the appellate court, there is no presumption of the sufficiency of the evidence to

support the implied findings, and that question can and will be determined from an examination of the evidence itself. (*Childers* v. *Childers*, 74 Cal.App.2d 56, 59 [168 P.2d 218].) The implied finding of the trial court was that plaintiff would be able to support herself, and a careful reading of the record before us reveals no evidence to the contrary.

"Where a divorce is granted for an offense of the husband, the court *may* compel him . . . to make such suitable allowance to the wife for her support, during her life or for a shorter period as the court may deem just, *having regard to the circumstances of the parties respectively*; . . ." (Emphasis added.) (Civ. Code, § 139.) Appellant relies upon the decisions in *Webber* v. *Webber*, 33 Cal.2d 153 [199 P.2d 934], *Fine* v. *Fine*, 76 Cal.App.2d 490 [173 P.2d 355], and *Farrar* v. *Farrar*, 41 Cal.App. 452 [182 P. 989]. The record before us on this appeal, however, fails to establish facts or circumstances analogous to those cases, in each of which there was evidence of the need of the wife and of the husband's ability to pay.

The decision as to whether or not husband shall support wife, and, if so, the amount of that support must be made by the trial court. ■ Where, as in the instant action, husband has no income except from his own work, and where, as here, the trial court saw both parties in court and must have some knowledge of their respective ages, needs, health conditions, intelligences, and adaptabilities, and perhaps other circumstances which do not appear in the record before us on appeal, we must presume that all these circumstances were considered by the trial court in determining that husband should not be required to support wife out of his earnings. (*Lamborn* v. *Lamborn*, 80 Cal.App. 494, 500 [251 P. 943]; *Bowman* v. *Bowman*, 29 Cal.2d 808, 811 [178 P.2d 751, 170 A.L.R. 246].) ■ The decision of the trial court should not be reversed on appeal unless it plainly appears that such decision was the result of an abuse of discretion and that it was unjust. The burden is on appellant to establish an abuse of discretion (*Wilder* v. *Wilder*, 214 Cal. 783, 785 [7 P.2d 1032]); and upon this appeal that burden has not been met.

Likewise, we fail to find in the record any evidence that the trial court abused its discretion in ordering that respondent pay to appellant the sum of $50 monthly for the support of their minor daughter.

Inasmuch as the portion of said judgment requiring respondent to pay additional fees to appellant's attorneys is not mentioned in appellant's briefs, we assume the latter has abandoned her appeal therefrom, and the appeal from that portion of the judgment is dismissed.

The other portions of the judgment, from which this appeal was taken, are affirmed.

Doran, J., and Drapeau, J., concurred.